## Robinson *versus* The Atlantic and Great Western Railway Co.

1. Robinson issued execution and levied on land as belonging to a railway company, he thereby affirmed the company's title.

2. A company owning land and having power to mortgage gave a mortgage of *all* their estate and property real and personal, the mortgage covered the land, whether it was necessary to the enjoyment of its franchises or not.

3. A receiver of all the mortgaged property having been appointed the land was in legal custody and could not be levied on.

4. Whether the land should pass into the hands of a receiver could be determined only by the court that appointed him.

October 18th 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Crawford county*: Of October and November Term 1870.

On the 1st of October 1865, the Atlantic and Great Western Railway Company mortgaged to John R. Penn "all the estate and property, real, personal and mixed, and all fixtures, rights, privileges, franchises, easements, rights under leases, terms, and parts of terms, agreements, covenants and contracts of all and every kind, held and owned or occupied by the said party of the first part. * * * Together with all and singular the lands, * * * privileges, franchises, rights and interests, real estate, personal property, choses in actions, leasehold and other things, of and belonging to said party of the first part of every kind, nature and character," &c.

On the 15th of January 1870, the Supreme Court of Pennsylvania appointed Reuben Hitchcock, receiver of all the property, &c., of the company covered by the mortgage.

On the 21st of January 1867, the plaintiff recovered a judgment against the company for $1022. On the 17th of March 1870, the plaintiff issued execution on his judgment, and levied on two pieces of ground in Meadville, the property of the company; owned by them before and at the date of mortgage, which were condemned.

On the 22d of April, Hitchcock, the receiver, petitioned the Court of Common Pleas setting forth the foregoing facts, and praying the " court to set aside the above writ, levy and inquisition, and restrain the said plaintiff from proceeding to execute his writ on any of the property in the possession, custody, control and ownership of your petitioner as receiver of the Atlantic and Great Western Railway Company." A rule was granted to show cause why the levy and inquisition should not be aside.

On the 18th of July 1870, the court set aside the execution and all the proceedings in the case, Vincent, J., saying: "It appears to us that the property taken in execution by the plaintiff is in

the custody of the law and his remedy therefore is by application to the court that appointed the receiver and has control of his actions as such." This decree was assigned for error by the plaintiff, who removed the case to the Supreme Court by writ of error.

*J. B. Brawley*, for plaintiff in error.—This property not being necessary for the road, was not covered by the mortgage, and therefore was not under the control of the receiver: Morrill v. Noyes, 3 Am. Law Reg. 18; Seymour v. Canandaigua and N. Railroad, 25 Barb. 284; Shamokin Valley Railroad v. Livermore, 13 Wright 465; Plymouth Railroad v. Colwell, 3 Id. 337.

*P. Church*, for defendant in error.—A receiver is an officer of the court, 2 Story Eq. § 831. His possession is not to be disturbed by a private creditor: Id. § 833 a; 1 Sm. Ch. P. 640; Angell v. Smith, 9 Vesey, Jr., 335; Wiswall v. Sampson, 14 How. 52; Peale v. Phipps, Id. 368; Noe v. Gibson, 7 Paige 513; Packer v. Browning, 8 Id. 388; 3 Daniel's Ch. 1982; 1 Sanf., ch. 185; 2 Redfield on Railroads, 364. No one but the Commonwealth can call in question the right of a corporation to hold real estate. It cannot be gainsaid by a private suitor: Leasure v. Hillegas, 7 S. & R. 313; Baird v. Bank of Washington, 11 Id. 411; Runyan v. Coster, 14 Peters 122. If the real estate of a corporation is necessary to the enjoyment of its corporate rights and privileges it cannot be taken in execution: Canal Co. v. Bonham, 9 W. & S. 27; Gue v. Tide Water Canal Co., 24 How. 257; Ludlow v. Hurd, 6 A. L. R. 502.

The opinion of the court was delivered, October 27th 1870, by AGNEW, J.—The plaintiff in error, who was plaintiff in the execution, levied upon the property mentioned in the description of the sheriff as the property of the defendants, and proposed to sell it as such. He therefore affirms the defendants' title by his own act. This is neither the time nor the manner of establishing the want of title of the defendants by reason of a want of power under their charter to take and hold the property.

The court below set aside the plaintiff's levy and execution on the ground that the property had passed into the hands of a receiver appointed by the Supreme Court, under proceedings in equity on a mortgage given by the defendants. The question is therefore not upon the relation of the property to the railroad, to wit, whether appertenant to it or necessary for the enjoyment of the franchises of the company, but whether it was included in and passed under the mortgage. The property being owned by the company at the time of the execution of the mortgage, it clearly passed under the terms "*all* and singular *the estate and*

16 P. F. SMITH—11

*property real,* personal and mixed" of the company, and the words, "Together with all and singular the *lands,* &c., &c., *rights and interests, real estate,* &c., &c., of and belonging to said party of the first part of *every kind, nature and character* in either of the states of New York, Pennsylvania and Ohio." The company having power to mortgage all its property real and personal, and the instrument having embraced everything of a real and personal nature, it becomes immaterial whether the real property in question was necessary to the use or enjoyment of the railroad, or was not. Being included in the mortgage, it passed into the custody and management of the receiver appointed by this court to administer the affairs of the corporation for the benefit of the creditors. It was then in *gremio legis,* in legal custody, and to permit it to be levied and sold under the process of the Court of Common Pleas would at once raise a conflict of jurisdiction, and interfere with the right of the receiver of the Supreme Court to manage the property under his appointment. If the property might be taken piecemeal from the custody of the receiver, the remedy of the creditors under the mortgage would become worthless, or at least greatly imperilled. Ample authority has been cited by the defendants in error. If a creditor believes that the property was not legally mortgaged, or for any good reason should not pass into the hands of the receiver, his duty is to apply to the court having appointed the receiver to ask its discharge out of custody in order that he may proceed against it. For these reasons we think the court below was right in setting aside the levy and execution.

Order affirmed.