Thompson et al., Receivers, *v.* McCleary et al., Appellants.

| 159 | | 189 |
| 185 | US | 169 |

[Marked to be reported.]

*Receivers—Corporations—Execution—Equity—Practice.*

The property of a corporation in the hands of a receiver cannot be levied upon and taken in execution under a judgment against an agent or partner of the corporation, on the ground that the corporation, by permitting the agent or partner to do business in his own name, and to sell the goods to the creditor without knowledge of the agency, was thereby estopped from claiming the goods.

In such case it is the duty of the judgment creditor to apply to the court which appointed the receiver and ask the discharge of the property out of custody, so that he may proceed against it.

Argued Nov. 2, 1893.   Appeal, No. 226, Oct. T., 1893, by defendants, R. B. Ivory, trustee, and George C. VanKirk, trading as G. C. VanKirk & Co., from decree of C. P. No. 1, Allegheny Co., Sept. T., 1893, No. 294, granting injunction against appellants and Wm. H. McCleary, sheriff, at suit of Henry C. Thompson et al., receivers of Northwestern Hardware Co.   Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Bill to restrain execution on personal property.

From the bill, answer and proofs it appeared that the Northwestern Hardware Co. is a corporation organized under the laws of Illinois, having an office and doing a large part of its business in Philadelphia.

On Nov. 14, 1889, the company entered into an agreement with George C. VanKirk as follows:

" This agreement, made Nov. 14, 1889, between the Northwestern Hardware Co., of the first part, and George Cook VanKirk, of the second part.

" Whereas the said party of the first part is desirous of commencing the business of buying and selling gas fixtures in the city of Pittsburgh under the name of VanKirk & Co.

" Now, this agreement witnesseth that the said party of the second part agrees to conduct the said business for the said party of the first part in such manner as it may determine, and to serve it to the best of his skill and ability for the term of one year from the date hereof.

"In consideration whereof the said party of the first part agrees to pay to the said party of the second part the sum of $125 per month, and at the end of each year of the said term such additional amount as may be required to make a sum equal to one fourth of the net profits of the said business, as the same shall be determined by the said party of the first part. Either of the said parties may terminate this agreement at any time, giving to the other one month's notice of an intention so to do."

The business was commenced and continued under this agreement until about July 10, 1893. The name used was " G. C. VanKirk & Co.," which change was caused by a mistake in printing signs, and was assented to by the parties. The business was also extended to the purchase and sale of combination gas and electric fixtures, which was also assented to by the Northwestern Co.

On July 5, 1893, a bill was presented in court of common pleas, No. 3, of Philadelphia county, upon which that court the same day appointed plaintiffs as receivers of said company.

On July 10, 1893, Geo. C. VanKirk confessed a judgment in the name of G. C. VanKirk & Co., in favor of R. B. Ivory, trustee, for the sum of $9,300. The record does not show for whom he is trustee, but a list of persons has been furnished who have claims against G. C. VanKirk & Co., amounting to $9,299.80, including $5,000 for rent not due, $132.96 to the trustee, and $300 to the attorneys in this case. With the exception of the last two items these liabilities were incurred in the conduct of the business carried on in Pittsburgh under the name of G. C. VanKirk & Co.

The decree of the court of common pleas No. 3, of Philadelphia county, appointing the receivers, provides : " That the said defendant and the creditors of the said defendant be and the same are hereby enjoined from interfering with the assets and property of the said company, and that the said receivers, when the said assets are converted, shall distribute the same among all the creditors and stockholders of the defendant in the proportion to which they may be respectively entitled thereto, and that the said receivers under the order of the court, if deemed proper so to do, shall carry on the business of the defendant."

The court granted an injunction, after reciting the facts as above, and holding that VanKirk was an agent and not a partner, in an opinion by Slagle, J.

*Error assigned* was decree granting injunction, quoting it.

*R. B. Ivory, J. M. Hunter* and *John A. Beatty* with him, for appellants.—The Northwestern Hardware Co., by their conduct and actions, held the concern doing business as G. C. VanKirk & Co. out to the public as a partnership, and G. C. VanKirk a partner and the managing partner therein : Edwards v. Tracy, 62 Pa. 381 ; Story, Agency, 9th ed., § 91, p. 105 ; Ib. § 93, p. 106 ; Parsons, Contracts, 7th ed., *188, note *p* ; Callender v. Robinson, 96 Pa. 454 ; Lord v. Baldwin, 23 Mass. 348 ; Brown's Ap., 17 Pa. 480.

The Northwestern Hardware Co. not only held the concern doing business as G. C. VanKirk & Co. out as a partnership, but deliberately placed VanKirk in a position where he could successfully represent himself to the public as a partner in said concern : Lochte v. Gile, 1 McGloin, 52.

Mr. VanKirk, in this position believing himself a partner, held the concern doing business as G. C. VanKirk & Co. out to the public as a partnership, and himself as the managing partner thereof and therein : Independent B. & L. Ass'n v. Real Estate Title Co., 156 Pa. 181 ; Bigelow, Estoppel, 3d ed., 387 ; Lindley, Part., p. 41, note 24 ; Boyd v. Thompson, 153 Pa. 78.

It will also be noticed that every substantial allegation made by plaintiffs as the foundation upon which they base their claim for relief is denied by defendants.   Where plaintiff's right has not been established at law or is not clear, but is questioned on every ground on which he puts it, he is not entitled to an injunction : Patterson's Ap., 129 Pa. 109 ; Brown's Ap., 62 Pa. 17 ; Mammoth Co.'s Ap., 54 Pa. 183 ; Audenreid v. R. R., 68 Pa. 370.

A preliminary injunction cannot be used to take property out of possession of one party and put it into possession of another : Farmer's R. R. v. Reno, 53 Pa. 224.

*W. B. Rodgers*, for appellee.—The appointment of a receiver dissolved the firm : Barker v. Goodair, 11 Ves. 78 ; Collyer, Part., p. 1429.

The court will not allow the possession of the receiver to be interfered with by any person, whether claiming paramount to

or under the right which the receiver was appointed to protect. One who thinks he has a right paramount to the receiver must, before he presumes to take any steps of his own motion, apply to the court for leave to assert his rights against the receiver. The court will enforce this rule, when necessary, by injunction : Robinson v. R. R., 66 Pa. 160.

OPINION BY MR. JUSTICE THOMPSON, December 30, 1893 :

The special injunction from which this appeal was taken was granted to restrain appellant McCleary, the sheriff of Allegheny county, and appellant R. B. Ivory, trustee in a certain judgment confessed by G. C. VanKirk, trading as G. C. VanKirk & Co., from interfering with the possession of certain goods by the appellees as receivers of the Northwestern Hardware Company, appointed by the court of common pleas No. 3 of Philadelphia county. The bill avers that the company carried on business in Pittsburgh through G. C. VanKirk as its agent, whose agency and his compensation for performing the duties as such agent are set forth in the agreement, a copy of which is made an exhibit annexed to the bill. That the merchandise and fixtures in the store conducted by him as such agent are the property of the Northwestern Hardware Company, and passed to the appellees as its receivers who were duly appointed. That G. C. VanKirk confessed a judgment in favor of appellant R. B. Ivory as trustee for certain creditors; that execution has been issued upon the same, and the sheriff has taken possession of the goods.

If VanKirk was such agent as averred, the attempted transfer of the merchandise, etc., by the confession of judgment without any authority, might call by injunction into active exercise the powers of a court of equity. But it is contended that the Northwestern Hardware Company having permitted VanKirk to do business under the name of G. C. VanKirk & Co., having held out G. C. VanKirk as a partner, that the creditors having sold goods to him as such without knowledge of the agency, that the said company having dealt with him for the sale and purchase of goods, that G. C. VanKirk having paid all the checks and clerk hire and having bought goods upon the faith of his being a partner of said G. C. VanKirk & Co., the Northwestern Hardware Company, and consequently the appellees, its receivers, are estopped from denying that he was such a partner.

It may be that these creditors may hereafter establish an equity which will protect them, but on July 5th, five days prior to the confession of the judgment in question, this merchandise, together with other property of the company, passed into the custody of the appellees, who had been appointed receivers. Having done so, such possession will not be interfered with by a judgment confessed in a different court and execution issued thereon.

In Robinson v. Atlantic and Great Western Railway Co., 66 Pa. 162, it is said by Mr. Justice AGNEW: "It (the property) was in gremio legis, in legal custody, and to permit it to be levied and sold under the process of the court of common pleas would at once raise a conflict of jurisdiction, and interfere with the right of the receiver of the Supreme Court to manage the property under his appointment. If the property might be taken piecemeal from the custody of the receiver, the remedy of the creditors under the mortgage would become worthless, or at least greatly imperiled. Ample authority has been cited by the defendants in error. If a creditor believes that the property was not legally mortgaged, or for any good reason should not pass into the hands of the receiver, his duty is to apply to the court having appointed the receiver to ask its discharge out of custody in order that he may proceed against it. For these reasons we think the court below was right in setting aside the levy and execution."

Whatever equities therefore the appellant trustee for these creditors may have, they can be worked out in the court appointing the receivers, and the learned judge very properly added to his decree: "This decree to be without prejudice to their right to apply to said court for the enforcement of any legal or equitable rights which they or either of them may have against said property."

Decree affirmed at cost of appellants.