L. ECK AND CHAS. P. SCRIVENER v. GEORGE P. WARNER, RECEIVER.

Decided February 13, 1901.

**1.—Judgment—Receiver—Intervention.**

   One intervening in a receivership upon a judgment of foreclosure against property in the hands of the receiver can not, in the absence of allegation of fraud or mistake in his former judgment, have the same so corrected and enlarged as to foreclose on interests in the property not affected by such first judgment.

**2.—Receiver—Intervention—Foreclosure.**

   One who has recovered judgment with foreclosure upon the interests of defendants in property held by the receiver of a company of which they were part owners, may by intervention in the receivership case follow such property in the receiver's hands and have the question as to his superior right to it passed upon.

Appeal from Travis, Fifty-third District. Tried below before Ashby S. James, Esq., Special Judge.

   *John Dowell* and *Wm. Brueggerhoff,* for appellant.

   *A. H. Graham* and *D. W. Doom,* for appellee.

FISHER, CHIEF JUSTICE.—The appellants' petition of intervention, to which the court sustained general and special demurrers, in effect alleged that all the assets and property of a business concern known as the Consolidated Copper Syndicate were in the possession of one George P. Warner, a receiver properly appointed by the District Court of Travis County, and that said Warner is proceeding under proper orders of the court in the administration of the property as receiver; and that prior to the filing of this suit, on the 5th day of March, 1895, in the District Court of the Fifty-third Judicial District of the State of Texas, in a case wherein H. H. Wibert was plaintiff, and Ruth Wallace et al. were defendants, the appellants each obtained moneyed judgments against William Wallace, H. H. Wibert, and the said George P. Warner, with a foreclosure of judgment liens on the interest William Wallace and Wibert then had in all the lands belonging to the Consolidated Copper Syndicate. The petitions then proceed to allege the interests which the said Wallace and Wibert had in the lands and the assets of the concern; and alleged facts showing that the receiver Warner had in his possession purchase money, the proceeds of the sale of a part of the land of said syndicate, and had in his possession the balance of the property of the syndicate.

   The appellant Eck, in his petition for intervention, also sets up a claim against the receiver for the sum of $200 with interest in favor of one A. H. Graham in the form of a judgment recovered by him against H. H. Wibert and William Wallace, with the foreclosure of a lien on the interests of Wibert and Wallace in the lands and property of the

Consolidated Copper Syndicate; and the petition also alleges that the appellant Eck was the owner of this judgment.

The petitions of both appellants also requested that the trial court reform and correct the judgments previously entered against Wibert and William Wallace, so as to create a liability against all of the other owners of the property of the Consolidated Copper Syndicate, and to foreclose the lien in favor of the appellants against all of the property in the hands of the receiver, instead of only against the interests of Wibert and Wallace. There was no fraud or mistake alleged to have been committed in procuring the former judgments, which the appellants seek to have corrected and enlarged.

As to this branch of the case, we are of the opinion that the trial court committed no error in sustaining the demurrers; but as to the interest of Wibert and Wallace in the property in the possession of the receiver, we think the court did err in holding, in effect, that the appellants had no cause of action.

The petition, in effect, alleges that all the property, which necessarily includes the interests of Wibert and Wallace, was in the possession of the receiver, and that the appellants had previously obtained judgments aginst Wibert and Wallace to which the receiver and the others interested in the property were parties, with a foreclosure of liens on the interests of Wibert and Wallace, the amount of which is set out in the petition. The petition does not upon its face disclose the fact that there are other claims prior in dignity to that of the appellants, which should be first paid and satisfied, and which if done would exhaust all of the property of the concern; but so far as anything appears to the contrary, the assets of the concern may be sufficient to satisfy the claims of creditors of a class, if any, whose claims may be entitled to priority over those of appellants and leave an amount sufficient to satisfy the claims of appellants.

If Warner has in his possession the interest of Wibert and Wallace in the property of the concern, the appellants would be entitled to follow it in the hands of the receiver, and have their superior right, if any, thereto passed upon by the court who has jurisdiction and possession of the property. 17 Am. and Eng. Enc. of Law, 2 ed., 183, 184.

If the appellants had a superior right to the interest of Wibert and Wallace in the property, and the receiver had appropriated and used that interest or still had the same in his possession, the court exercising jurisdiction over the property and receiver could compel the receiver to account for it to the appellants to the extent of their claims against Wibert and Wallace.

For the reason stated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*