## Davis Coal & Coke Company *v.* Hess, Appellant.

*Receivers—Judgment—Execution—Federal courts*

Where a judgment has been obtained in a state court against a receiver of a corporation appointed by a federal court, and an execution has issued on the judgment, an appeal from an order of the state court refusing to make an order staying the execution, will be dismissed, where it appears that before the appeal was taken the receiver applied to the federal court and obtained a restraining order enjoining the plaintiff from proceeding on the judgment.   The order of the state court is, under the circumstances, harmless, and the appellate court will leave the parties to their remedies in the court having full equity jurisdiction in the matter.

It seems that in such a case the state court has jurisdiction to stay the writ at least until after application has been made to the federal court and leave obtained to proceed with it.

Argued Oct. 24, 1905.   Appeal, No. 64, Oct. T., 1905, by defendant, from order of C. P. Lebanon Co., June T., 1904, No. 269, discharging rule to stay execution in case of The Davis Coal & Coke Company v. Abram Hess and J. Lansing Mines.   Before Rice, P. J., Beaver, Orlady, Porter, Morrison and Henderson, JJ.   Affirmed.

Rule to stay execution.   Before Ehrgood, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court discharging rule to stay execution.

*George B. Woomer*, with him *Frederick M. Leonard, Albert B. Weimer* and *Lyman D. Gilbert*, for appellants.—This question has been passed upon by various courts, and the jurisdiction of the court out of which process issues to restrain it on application of the receiver appointed by order of a United States court affirmed, notwithstanding the act of congress which authorizes suit to be instituted without previous leave of the court appointing the receiver: Irwin v. McKechnie, 58 Minn. 145 (59 N. W. Repr. 987) ; Dillingham v. Anthony, 3 L. R. A. 634 ; Dillingham v. Hawk, 60 Fed. Repr. 494 ; Arnold v. Penn, 11 Texas Civ. App. 325 (32 S. W. Repr. 353) ; Conshohocken Tube Co. v. Iron Car Equipment Co., 167 Pa. 592.

While the time and manner of enforcing payment of a judgment obtained in a suit in a state court against a receiver appointed by a federal court must be controlled by the court appointing the receiver, still it is the duty of the state court in which such a judgment may be recovered to withhold execution on such judgment: Arnold v. Penn, 11 Texas Civ. Appeals, 325 (32 S. W. Repr. 353) ; In re Geister, 3 Am. B. R. 228 ; Hill v. Harding, 107 U. S. 631 (2 Sup. Ct. Repr. 404).

*E. E. McCurdy*, of *Gobin & McCurdy*, for appellee.—The court committed no error in refusing to stay the execution : Real Est. Title, Ins. & Trust Co. v. Rolling Mill Co., 6 Pa. Dist. Rep. 411 ; Barton v. Barbour, 104 U. S. 126.

OPINION BY RICE, P. J., March 12, 1906 :

In the decree of the circuit court of the United States appointing the defendants receivers of the Lebanon Iron and Steel Company, the company, its officers, agents and employees and all other persons were enjoined from interfering with the possession of the receivers. Later, the circuit court authorized the receivers to continue the business of the company, and in so doing they contracted the debt for which the plaintiff brought suit and obtained this judgment. Immediately thereafter, and without obtaining leave of the federal court, the plaintiff issued a fi. fa., by virtue of which the sheriff was about to levy on and sell the property of the company in the hands of the receivers. Thereupon they applied to the common pleas and obtained a rule to show cause why the execution should not be stayed, set aside and stricken from the record, which, after argument upon demurrer to the petition, the court discharged, for the reason set forth in the opinion of the president judge, " that this court has no jurisdiction to grant or refuse the prayers of the petitioners." The ordinary effect of the appointment of a receiver under circumstances such as these is to take the property out of the custody of the parties and place it in charge of an officer of the court. The property being in gremio legis, the court appointing the receiver will protect his possession against intentional interference therewith by any person without leave, by all necessary process known to its practice, including attachment for contempt : Ex parte Tyler, 149 U. S. 164 (13 Sup. Ct. Repr. 785) ; and, in the absence of legislation governing the subject, other courts will recognize and respect the custody thus taken : Robinson v. Atlantic & Great Western Railway Co., 66 Pa. 160. Prior to the act of Congress of March 3, 1887, suit could not be instituted against the receiver of a corporation appointed by a federal court without first obtaining leave of the court appointing him : Barton v. Barbour, 104 U. S. 126 ; Texas & Pacific Ry. Co. v. Cox, 145 U. S. 593 (12 Sup. Ct. Repr. 905). And while that act, as amended in 1888, provides, that the receiver may be sued in respect of any act or transaction of his, in carrying on the business connected with such property, without the previous leave of the court in which he was appointed, it also provides, that " such suit shall be subject to the general equity jurisdiction of

the court, in which such receiver or manager was appointed, so far as shall be necessary to the ends of justice." Under this act a court may establish by its judgment a debt against the receivership, which must be recognized, even by the court appointing the receiver, and is not open to revision by it, if the court rendering the judgment had jurisdiction of the subject-matter and the parties: Dillingham v. Anthony, 73 Texas, 47; s. c. 3 L. R. A. 634 (11 S. W. Repr. 139); Gay, Hardie & Co. v. Brierfield Coal & Iron Co., 94 Ala. 303; s. c. 16 L. R. A. 564 (11 So. Repr. 353); Dillingham v. Hawk, 60 Fed. Repr. 494; s. c. 23 L. R. A. 517. But the general equity jurisdiction of the court appointing the receiver, which is preserved by the express terms of the act, obviously includes the adjustment of the equities between all persons having claims on the property and effects in the hands of the receiver; and where it is admitted, as it is here by the demurrer, that the property is insufficient to satisfy all the claims, it would seem clear that to use the process of the court in which the judgment was obtained to wrest from the custody of the receiver the property, or enough thereof to satisfy the judgment, and thus gain an unlawful preference, would be an unwarranted invasion of the equity jurisdiction of the court, which by its officer has the custody of the property. Prior to the act of 1887 the court of common pleas would have recognized and respected the possession of the federal court, and upon application of the receiver would have prevented the use of its execution process for such purpose, unless the leave of the federal court was first obtained: Robinson v. Atlantic & Great Western Railway Co., 66 Pa. 160. The reasons for respecting the possession held by the federal court through its officer, and for the court in which the judgment is entered to restrain, upon proper application, the use of its execution process to disturb that possession, remain in full force, notwithstanding the right given by the act to reduce the claim to judgment; and the cases construing the act, so far as they have come under our notice, do not take the view that the law in this particular has been changed. See cases above cited; also Irwin v. McKechnie, 58 Minn. 145 (59 N. W. Repr. 987); Malott v. Shimer, 153 Ind. 35 (54 N. E. Repr. 101). It is unnecessary, however, to go outside the decisions of the courts of

our own state.   In Conshohocken Tube Co. v. Iron Car Equipment Co., 167 Pa. 592, the question was raised, whether since the act of Congress an attachment may issue against a receiver as garnishee.   Mr. Justice WILLIAMS who delivered the opinion of the Supreme Court said : " We think it can be ? but whether judgment should be rendered in any given case must depend upon circumstances.   The accounts of the receivers must be settled in the court which appointed them, and if the transaction out of which the indebtedness grew was such as that court could not approve, or the payment of the money attached would be a withdrawal of it from the proper purposes of the trust created by the appointment, then in any such case upon the suggestion of the receivers the state court would suspend the proceedings until the consent of the proper court could be asked and obtained.   Since the act of Congress of 1888 we think an attachment may issue against a receiver as garnishee, but if it becomes necessary for his protection to withhold judgment until the opinion of the proper United States court can be taken upon the propriety of the payment to the attaching creditor this should be done."   Here we see a clear recognition of the authority of the state court to control its process in a proper case, notwithstanding the fact that the federal court in which the receiver was appointed may have jurisdiction to restrain an interference with the custody of the receiver under process issued from the state court.   Hence we are unwilling to decide that the court below did not have jurisdiction to stay the writ, at least until after application was made to the federal court and leave obtained to proceed with it.

But the refusal to set aside or stay an execution is not always a matter subject to review on appeal : Stephens v. Addis, 19 Pa. Superior Ct. 185, and cases there cited.   If after the refusal of the court to stay or set aside the execution in this case the plaintiff had voluntarily stayed it, it would seem that the order would not constitute such prejudicial error as would entitle the defendant to appeal.   A somewhat similar situation is presented here.   The appellee's counsel showed upon the argument of this appeal, and this was not disputed, that before the appeal was taken the receivers applied to the federal court, under whose decrees and orders they were acting and holding

the custody of the property, for a rule to show cause why the execution should not be stayed; that the federal court granted the rule and at the same time issued a restraining order enjoining the plaintiff and the sheriff from further proceeding on the judgment, execution and levy until the disposition of the rule; and that the rule was still pending in the federal court at the time of the argument of this appeal. Both sides agree that the federal court has jurisdiction of the matter and can take such action relative to the custody and sale of the property as is necessary to preserve the rights and equities of all parties concerned. The receivers having invoked that jurisdiction, and the federal court having taken jurisdiction of the matter, it is difficult to see how the order brought up for review on this appeal can be prejudicial to the appellants, or how any disposition, affirming or reversing, we may make of the appeal, will benefit them. Under the circumstances it is the opinion of this court that the appeal should be dismissed, and the parties left to their remedies in the court having full equity jurisdiction in the matter.

The appeal is dismissed.