## RANDALL ET AL. v. WAGNER GLASS COMPANY ET AL.

[No. 6,815. Filed April 7, 1911.]

1. MECHANICS' LIENS. — *Time for Enforcement.* — *Receivers.* — *Orders as to Creditors.* — Where property against which mechanics' liens were filed was taken into custody by a receiver and sold on October 4, by order of the court, the holders of the liens being parties to the suit, the decree providing that "all liens of whatsoever kind existing upon or against" the property shall be "transferred from the property to the fund arising from the sale thereof, and that the rights and interests of the parties * * * be and the same shall be transferred to the fund arising from the sale," and the court ordered all claims to be filed on or before December 15, lienholders whose statutory period for filing foreclosure suits expired October 21, but who filed their intervening petitions on November 26 for the enforcement of their liens, were entitled to have such liens enforced, equity treating the rights of creditors as fixed at the time of the appointment of the receiver. pp. 441, 442.

2. RECEIVERS. — *Appointment.* — *Effect Upon Liens.* — *Sales.* — *Distribution of Proceeds.* — The appointment of a receiver does not affect an existing mechanics' lien; and such lien attaches to the proceeds of a receiver's sale without a special order to that effect. p. 441.

3. RECEIVERS. — *Suits Against.* — *Obtaining Leave.* — *Liens.* — *Sales.* — Persons desiring to enforce liens against property in the custody of a receiver must ordinarily obtain consent from the appointing court to bring suits therefor; and if the property is to be sold, such receiver will be directed to make the sale. p. 442.

4. MECHANICS' LIENS. — *Enforcement of.* — *Time for.* — *Mortgages.* — Under §8299 Burns 1908, Acts 1889 p. 257, §4, holders of mechanics' liens have one year from the filing of the notice of lien, or from the expiration of the credit given, within which to file suits to enforce such liens; and this rule has been applied in favor of a junior mortgagee who was not made a party to the lien foreclosure suit. p. 442.

5. MECHANICS' LIENS. — *Time for Filing.* — Notice of a mechanic's lien is filed in time if filed within sixty days after furnishing the last of several lots of material, ordered and furnished at different times, where they are all supplied under one contract. p. 445.

From Madison Circuit Court; *John F. McClure*, Judge.

Intervening petition by William P. Randall and others against Wagner Glass Company and others. From an insufficient judgment for plaintiffs, they appeal. *Reversed.*

*Walker & Foster,* for appellants.

*Chipman, Keltner & Hendee,* for appellees.

FELT, J.—On November 29, 1905, appellee People's Loan and Trust Company, trustee, filed suit in the Madison Circuit Court against appellants and the other appellees, to foreclose a trust deed on certain property and for the appointment of a receiver. On that day Albert A. Small was appointed, and he duly qualified as, receiver of appellees Wagner Glass Company, International Glass and Bottle Company and Ingalls Gas Company, and by order of court took charge of all the property of said concerns. On October 4, 1906, on the intervening petition of appellee Henry Wagner, the court ordered all the property of said concerns sold by said receiver, which sale was thereafter duly made and reported to and approved by the court on November 17, 1906. On November 26, 1906, appellants filed their intervening petition in said cause, setting up their itemized claim for material furnished said Wagner Glass Company and Ingalls Gas Company, and a copy of a mechanic's lien duly filed on October 21, 1905. On December 3, 1906, the court ordered all claims filed on or before December 15, 1906. On January 29, 1907, said intervening petition of appellants was submitted to the court for finding and judgment thereon, and the court found that there was due to appellants from appellees Wagner Glass Company and Ingalls Gas Company the sum of $701.38, but denied their right to a lien or preferred claim, on the ground that their intervening petition was filed more than a year after the recording of the mechanic's lien. Appellants were parties to the proceedings when the property was ordered sold, which property included that described in appellant's notice of a mechanic's lien, and the order of sale provided "that all liens of whatsoever kind existing upon or against" the property should be "transferred from the property to the fund arising from the sale thereof, and that the rights and interests of the parties to this suit in and to said property * * * be and

the same shall be transferred to the fund arising from the sale.'' Appellants filed a motion for a new trial, on the ground that the decision of the court on their intervening petition was contrary to law and not sustained by sufficient evidence, and the overruling of this motion is the error assigned and relied upon by appellants.

Looking to the statute, appellants had until October 21, 1906, to file a suit to foreclose their lien. The property was ordered sold on October 4, 1906. On November 26, 1906, appellants filed their intervening petition to fix the amount of their claim and declare their lien, which was within the time, in fact preceded the date, fixed by the court for that purpose.

The precise question here presented is, Were appellants bound to assert their lien within the year fixed by the statute, by suit to foreclose or by other affirmative action? In other words, Does the possession and sale of the property by the receiver, under the order of the court, in a suit to which appellants were parties, draw the whole controversy into equity, and preserve the liens on the property as of the date of the appointment of the receiver? So far as we are able to ascertain, this particular question, as it arises here, has not been decided by this court or our Supreme Court.

A mechanic's, or other, lien upon property is not affected by the appointment of a receiver, and where a sale is made by the receiver the lien attaches to the proceeds of the sale without special order of court to that effect. In this case, however, the order was made. *Totten & Hogg Iron, etc., Co.* v. *Muncie Nail Co.* (1897), 148 Ind. 372; *American Trust, etc., Bank* v. *McGettigan* (1899), 152 Ind. 582, 71 Am. St. 345; *Durbin* v. *Northwestern Scraper Co.* (1905), 36 Ind. App. 123; *Mueller* v. *Stinesville, etc., Stone Co.* (1900), 154 Ind. 230; *J. W. Dann Mfg. Co.* v. *Parkhurst* (1890), 125 Ind. 317, 321.

While the appointment of a receiver does not change nor destroy existing liens upon property in the custody of a re-

ceiver, the ordinary procedure to enforce the lien is changed, and before bringing any independent suit to declare or foreclose such lien leave must be applied for and obtained from the court in the case where the receiver was appointed. If the property is to be sold, the well-established rule requires the sale to be made by the receiver under the order and direction of the court, even though liens may have been adjudged in other suits. High, Receivers (4th ed.) §141; *Premier Steel Co.* v. *McElwaine-Richards Co.* (1896), 144 Ind. 614, 621; *Mueller* v. *Stinesville, etc., Stone Co., supra.*

By both statute and judicial decisions, the holder of a mechanic's lien in Indiana is required to begin suit to foreclose such lien within one year from the time of filing his notice for record, or from the expiration of any credit given, and this rule must apply here, unless the facts shown take the case out of the general rule, and warrant the application of the equitable rule preserving all liens as of the date of the appointment of the receiver. §8299 Burns 1908, Acts 1889 p. 257, §4.

The statutory rule has been applied in favor of the holder of a mortgage junior to the mechanic's lien, where the mortgagee was not made a party to the foreclosure of the lien. *Deming-Colborn Lumber Co.* v. *Union, etc., Loan Assn.* (1898), 151 Ind. 463; *Stoermer* v. *People's Sav. Bank, etc.* (1899), 152 Ind. 104; *Union Nat., etc., Loan Assn.* v. *Helberg* (1899), 152 Ind. 139.

But in none of these cases had the property passed into the hands of a receiver and been sold by order of the court made within the year allowed to begin foreclosure of the mechanic's lien, as in this case. And, in this case, all liens on the property were by order of court transferred from the property to the fund derived from the sale. An application for leave to foreclose the lien, or other action on the part of appellants, could not have changed the status of the lien, unless we are compelled literally to

follow the statute, notwithstanding the proceedings in the receivership. Our courts have adopted the equitable rule in preserving, managing and selling the property, in adjusting the amount and priority of claims, and in the disbursement of funds. It would be unreasonable and out of line with our procedure to have the case in part governed by equitable principles and in part by statutory rules of law. We find no reason for making an exception to the equitable rules governing receiverships, when considering appellant's intervening petition which was filed in ample time to comply with the orders of the court.

While the precise question before us has not been decided, our Supreme Court, in passing upon other questions, has indicated a decision. In the case of *Mueller* v. *Stinesville, etc., Stone Co., supra,* the court said on page 234: "The court, having sequestered the common insolvent debtor's property for distribution among the creditors, must proceed in such a way as will preserve the priorities and equities, as they existed when the receiver was appointed."

In the case of *American Trust, etc., Bank* v. *McGettigan, supra,* it is said on page 587: "The court receives such property impressed with all existing rights and equities of creditors, and the relative rank of claims, and the standing of liens remains unaffected by a receivership. Every legal and equitable lien upon the property of the corporation is preserved, with the power of enforcing it."

The United States circuit court of appeals, in the case of *Commonwealth Roofing Co.* v. *North American Trust Co.* (1905), 135 Fed. 984, 68 C. C. A. 418, held that the right to a mechanic's lien was not lost by failure to proceed according to and within the time fixed by the statute. The statute under consideration provided for mechanics' liens "which shall continue for ninety days after the services are performed or the materials are furnished, and that such lien may be secured by attachment of the property upon which it exists at any time while the lien continues." The lien

holder, four months after the appointment of the receiver, by leave of court, attached the property, and the court held that the application was seasonable and sustained the lien. The court said on page 987: ''The result of it all is that, when the order appointing the receiver was entered, the roofing company had complete liens, though they might afterwards be lost by a failure to comply with the statute.'' The court also said: ''We have already said there were existing, complete liens on April 20, 1903, when the receiver was appointed. As we have further said, whatever may have been the extent of the authority given the receiver, it expressly covered the property against which these liens are claimed; and therefore, from the time of his appointment, any attempt to proceed against that property for their effectual enforcement would have been invalid, and a contempt of the circuit court, unless with the consent of that court. Moreover, even if that court had, within the statutory ninety days, given leave to proceed by a suit at common law, as provided by statute, it would have held its hand on the judgment thus obtained, and have permitted the liquidation of it only in such manner as it might itself direct when the judgment was obtained.   *   *   *   'The appointment of a receiver does not devest the property of prior existing liens, but affects them only in the manner and time of their enforcement.' 'While the property is in the possession of the receiver the right to enforce the lien is suspended; because the property is in the custody and control of the court.' Beach, Receivers (2d ed.) p. 194.   *   *   *   'A receiver is appointed upon a principle of justice for the benefit of all concerned. Every kind of property of such a nature that, if legal, it might be taken in execution, may, if equitable, be put in his possession. Hence the appointment has been said to be an equitable execution.' [Davis v. Gray (1872), 16 Wall. 203, 21 L. Ed. 447.]   *   *   *   It is also to be observed that, while it follows from what we have said that the action of the chancellor in regard to rights existing at

the time a receiver is appointed, including statutory liens, is not positively restricted by any specific provisions of the common law or the statutes with reference to methods and times of procedure, yet in this as in all other matters he must regard the rules of laches peculiar to equity.''

The case just quoted from is directly in point and decisive of the question. See, also, *American Loan, etc., Co.* v. *Central Vt. R. Co.* (1898), 86 Fed. 390; *Eck & Schrivener* v. *Warner* (1901), 25 Tex. Civ. App. 338, 60 S. W. 799; *McAnally* v. *Glidden* (1902), 30 Ind. App. 22; 27 Cyc. 219; *Ellis* v. *Vernon Ice, etc., Co.* (1893), 86 Tex. 109, 23 S. W. 858; *Thompson* v. *McCleary* (1893), 159 Pa. St. 189, 28 Atl. 254; *Walling* v. *Miller* (1888), 108 N. Y. 173, 15 N. E. 65, 2 Am. St. 400; *Emigrant, etc., Sav. Bank* v. *Goldman* (1878), 75 N. Y. 127.

From these authorities we conclude that appellants' having presented their claim in conformity with the order of the court in the receivership, further compliance with the statute was unnecessary, and they were entitled to have their lien determined as of the date of the appointment of the receiver. 27 Cyc. 219.

The receivership being in the nature of ''an equitable execution,'' and the court having absolute control of the property and full power to adjust claims, determine priorities, order sale and fix the distribution of funds, the whole case is drawn into equity. A party need not litigate his claim in another suit, and where he does not ask for leave so to do, but submits his claim to the court having control of the receivership, in full compliance with its orders, no good reason can be found for making an exception to the equitable procedure in the receivership by invoking the limitations of the statute.

5. An examination of the testimony shows that there was evidence tending to show that the material was furnished in pursuance of a contract, and delivered in instalments from time to time, as called for, and used

in the structures, as alleged by appellants. The evidence brings the case, on this point, within the rules declared in *Premier Steel Co.* v. *McElwaine-Richards Co.* (1896), 144 Ind. 614. The facts are so similar to those of the case at bar that we regard that case as controlling here, and further discussion is unnecessary.

For error of the court in denying appellants' right to a lien, the judgment is reversed, with instructions to the lower court to sustain appellants' motion for a new trial and for further proceedings in conformity with this opinion.