## Bennett v. Franklin et al.

*Attachment execution—Property in custodia legis—Effect of discharge of committee of lunatic, restored to reason, upon money in the former's hands belonging to the latter—Act of June 15, 1897.*

When, following the restoration to reason of a lunatic, the appointment of his committee has been superseded and his property ordered returned to him, pursuant to the provisions of the Act of June 15, 1897, P. L. 162, his money thereafter remaining in the hands of the committee is subject to attachment by a creditor of the former lunatic, the committee then being only a trustee and the money no longer *in custodia legis.*

Rule to set aside attachment execution. C. P. Wyoming Co., Jan. T., 1922, No. 100.

*E. B. Farr,* for plaintiff; *H. S. Harding,* for defendants.

TERRY, P. J.—From the record and files submitted to us, it appears that the plaintiff obtained a judgment against the defendants in this court on Dec. 3, 1921, upon an exemplification of a judgment entered against them in Susquehanna County on Nov. 12, 1921. On the day of the entry in this court of said judgment an attachment execution thereon was issued, in which F. H. McIntyre was named as garnishee. In his answer, filed Dec. 21, 1921, he set forth his appointment, April 16, 1921, as committee in lunacy of Charles J.

3 D. & C.

Franklin, defendant, and his discharge as such committee by the court on Oct. 14, 1921, following the restoration to reason of said Franklin. In said order of discharge it was decreed, as provided in section 1 of the Act of June 15, 1897, P. L. 162, that the precedent commission, inquisition and appointment of the committee, and all proceedings relating thereto, be superseded and determined, that said Franklin be set at liberty and his property restored to him, and that said committee immediately file his account as prescribed by section 41 of the Act of June 13, 1836, P. L. 589.

The garnishee further averred in his answer that he had filed his final account, showing a balance of $2559.52 in favor of said Franklin, of which, on Oct. 31, 1921, he had paid him $1200, leaving due him $1359.52 on Nov. 10, 1921, when there was served on the committee notice of an assignment by Franklin to a third person of all moneys remaining in the hands of the late committee, who acknowledged his readiness to pay said sum of $1359.52 to the owner thereof determined by this court as soon as said account should be finally confirmed. It was confirmed absolutely Jan. 26, 1922.

This rule to set aside the attachment execution was taken by Franklin, not by the garnishee, upon the contention—which we cannot sustain—that the money in the hands of McIntyre was not subject to attachment because it was in the custody of the law.

Unquestionably, where property or money is *in custodia legis*, the possession thereof by the officer holding it is the possession of the law, and it cannot be reached by garnishment: Bentley v. Clegg, 1 Clark, 411; Crossen v. McAllister, 1 Clark, 257; Robinson v. Railway Co., 66 Pa. 160; Com. v. Sitler, 261 Pa. 261. This is especially applicable in the case of a committee in lunacy to whom the court has entrusted the estate of an insane person: Eckstein's Estate, 1 Parsons, 59; Graber v. Spare, 16 Dist. R. 413.

But here, when the attachment was served, Charles J. Franklin had been adjudged restored to reason and his property ordered by the court returned to him, and the same order superseded the appointment of the committee and determined all the proceedings relating thereto. Thereupon McIntyre became the trustee merely of the defendant Franklin, and the money in his hands, being no longer in the custody of the law, was subject to attachment. See Wade on Attachment, § 424; Piper v. Piper, 7 Dist. R. 135; Anderson v. Patty, 168 Ill. App. 151; Williams v. Jones, 38 Md. 555; Wilbur v. Flannery, 15 Atl. Repr. 203; Robertson v. Detroit Pattern Works, 116 N. W. Repr. 196; Boylan v. Hines, 59 S. E. Repr. 503; Dunsmoor v. Furstenfeldt, 26 Pac. Repr. 518; 20 Cyc., 1023, 1024.

The answer of the garnishee showed a balance due the defendant Franklin, and the subsequent confirmation of the former's final account exhibiting such balance is a legal ascertainment of the amount belonging to such defendant, which is subject to the attachment process: 14 Am. & Eng. Ency. of Law (2nd ed.), 823 (note 1).

There is no conflict of jurisdiction here, as all proceedings are in the same court.

For the reason above given, and upon the authorities cited to sustain it, we discharge the rule to set aside the attachment execution, leaving the case to be proceeded with according to the proper practice.

From Joseph F. Ogden, Tunkhannock, Pa.