# Kiwala v. Witkowski

*John E. Caputo*, for plaintiff.

*Harold L. Roth*, for defendant.

SOHN, J., July 5, 1955.—September 10, 1954, a decree nisi was entered by this court authorizing distribution of the assets of Ambridge Tucker Sales and Service, Inc., by Stewart R. Snodgrass, receiver. The final decree was entered November 15, 1954. On October 22, 1954, a praecipe for a writ of foreign attachment issued against Anthony Witkowski, defendant, and Stewart R. Snodgrass, receiver. In the distribution an award of money was made to Anthony Witkowski.

Subsequently, counsel for Witkowski moved to strike off (quash) the attachment. The motion is based on the contention that the moneys held by the receiver are in gremio legis and that an attachment may not be had of money in the custody of the receiver without first obtaining permission of the court to issue the attachment.

The pertinent rules of law are discussed in 4 Am. Jur. 808, §407, as follows:

"It is a well-settled general rule that property in the hands of a receiver is not subject to attachment or garnishment except by leave of the court appointing the receiver. The possession of the receiver is deemed

the possession of the court and is entitled to the protection of the rule that property in custodia legis is not attachable or garnishable. Furthermore, it has been thought that an attachment or garnishment against a receiver is, in effect, a suit against the court. Another very obvious reason why a receiver is not subject to attachment or garnishment is that such liability would inevitably tend to defeat the end and purpose of the receivership. . . .

"As intimated above, property in the hands of a receiver is subject to garnishment where the court appointing him has granted leave to institute such proceedings. The granting of leave to bring such a suit rests in the sound discretion of the court, and the court has also the power and discretion to set aside the order when, in its judgment, it has been improperly made. Moreover, a receiver may be garnished for any balance remaining in his hands after the execution of the trust and the satisfaction of liens on the property held by him, where nothing remains to be done except to pay the money upon a final order or decree of distribution."

In Logan Trust Company v. Arnold Safety Razor Company et al., 21 Dist. R. 999, President Judge Endlich said:

"It is stated in High, Receivers (4th ed.), Section 151, that 'The receiver's possession being the possession of the court from which he derives his appointment, he is not subject to process of attachment or garnishment, as the funds in his hands are subject to its control, and such process would be regarded as a nullity when directed against him.' As a general proposition this undoubtedly conforms to the doctrine of our law, which treats property in the hands of a receiver as in gremio legis, not to be interfered with by executions levied upon it: Robinson v. Railway Co., 66 Pa. 160; Thompson v. McCleary, 159 Pa. 189. But its generality is subject to qualification. . . .

"It is manifest that those questions, if to be inquired into at all, must be settled by some other method. A refusal to permit them to be inquired into and settled by the method here adopted may be tantamount to a denial of every remedy for the enforcement of a clear right, which is not to be tolerated if it can be avoided: see Mayer v. Walter, 64 Pa. 283. Nor does there appear to be any necessary or fatal inconvenience about allowing a proceeding of this kind, where the amount due the distributee has been definitely ascertained and the remainder of the estate will not be tied up or burdened with additional expense. In this respect the case differs from those in which a debtor's interest in money in the hands of a master in partition, and as yet undistributed, was held not attachable: McFillan v. Brown, 15 W. N. C. 416; Hays v. Mantua Hall Co., 35 W. N. C. 198; Mantua, etc., Co. v. Brookes, 4 Dist. R. 5. The proper conclusion, therefore, seems to be that, whilst the creditor of a distributee cannot, without leave of the proper court, attach a dividend adjudged to him in the hands of a receiver, that court has a discretion to allow the process to issue."

In the Home Loan & Savings Association v. Micelli et al., 78 Pitts. L. J. 32, Judge Cohen said:

"It is decided in this State that an execution attachment will not lie against money in the hands of an officer of the Court, but Donoughe, at the time of the issuing of the execution attachment in this case and the serving of the same, was not an officer of this Court. He had been removed and his account settled and the money decreed to be in his hands distributed. If authority were necessary to sustain this proposition, viz., that an execution attachment will be sustained where the receiver or master in partition has accomplished the purpose of his appointment and the money in his hands distributed by decree of Court, we think that the case of Piper v. Piper, 45 P. L. J. 280, rules it."

In Balbas et al. v. Hawk, Receiver, et al., 62 Pitts. L. J. 678, 680, Judge Reid said:

"It may be doubted whether, under the facts of this case, even had there been no permission to issue the attachment in question, the present receiver would not be subject to attachment. The money, which is now in its hands, has been retained by it after the filing of its accounts and after the conclusion of its duties with regard to the estate. There is, therefore, ground to maintain that it is no longer in the hands of a receiver as such, but is held by it as a garnishee after the termination of its duties as receiver. Upon this subject Shinn on Attachment, vol. 2, page 881, says:

" 'Where the officer is by law required to hold the property, he cannot be admitted to be a debtor of the execution plaintiff or other person entitled to the fund or property. When the purposes of the legal custody has been accomplished and the only duty of the officer is to pay the money to the principal defendant, the officer may then he held as garnishee. And when the capacity in which the officer holds is changed from an official obligation to a personal liability, he may then be held liable by a process of garnishment.' "

The conclusions reached in the cases referred to are pertinent to the issue before us. A final decree of distribution had been entered as a decree nisi which was afterwards affirmed by the court en banc. After the entry of the decree, the attachment issued. A strict application of the rule would serve no purpose in the administration of the affairs of the receivership. In these circumstances the rights of the parties should be determined by an issue on the merits.

### Order

And now, to wit, July 5, 1955, for the reasons stated in the foregoing opinion, it is ordered, adjudged and decreed that the rule issued at the above number and term be, and it is hereby discharged.