Guerin *et al. v.* Kraner.

sure suit, for that decree operates only upon the interest in the land sold by the administrator.

Judgment affirmed.

Filed Oct. 14, 1884.

No. 11,333.

GUERIN ET AL. *v.* KRANER.

SHERIFF'S SALE.—*Suit to Set Aside.—Complaint.—Schedule.—Exemption.— Resident Householders.—Sheriff.—Conduct at Sale.*—A complaint to set aside a sheriff's sale of real estate, on the ground that it was exempt from execution, as the property of a resident householder, as provided by section 703, R. S. 1881, is fatally defective if it does not allege that the schedule required by sections 713 and 714, R. S. 1881, and which he delivered to the sheriff, contained a list of all his property at the date of the issuing of the writ.

SAME.—*Construction of Statute.—Substantial Compliance with Provisions by Officer.—Presumption.*—While statutes relating to exemptions must be liberally construed, a party claiming a specific remedy by reason of the denial of his right by an officer acting in discharge of his duty, must show that he has substantially complied with the provisions of the statute entitling him to claim the exemption; otherwise the presumption will be that the officer performed his duty.

SAME.—*Pleading.—Demurrer.*—Facts, not conclusions, should be averred in a pleading; an allegation in the complaint, that the plaintiff complied with all the statutory provisions entitling the property to exemption, without specific averments, is not sufficient.

SAME.—*Execution.—Service of Writ.—Averment of Property or Readiness to Pay.* —An averment in the complaint, that the sheriff did not serve the writ on the execution defendant, is not material, unless there be an allegation that he had other property, which he would have designated, and is still ready to turn out, or that he was prepared to pay the money on the writ.

SAME.—*Announcement at Sale.—Claim of Execution Defendant.*—An announcement by the sheriff at the sale, that whoever purchased the property would take it subject to a lawsuit by the execution defendant and subject to any claim he had upon it, was matter a prudent bidder would consider without such announcement, and would not avoid the sale.

From the Henry Circuit Court.

*J. H. Mellett* and *E. H. Bundy,* for appellants.

*J. Brown* and *W. A. Brown,* for appellee.

HAMMOND, J.—Action by the appellee against the appellants to set aside a sheriff's sale of real estate. Appellants demurred to the complaint for want of facts, and their demurrer being overruled, they answered by the general denial. Trial by the court; finding and judgment for the appellee.

The appellee alleges, in her complaint, that she is the owner of certain described real estate; that appellant Guerin obtained judgment against her in the Henry Circuit Court; that he caused an execution to be issued on said judgment, and to be levied upon said real estate; that he purchased the real estate at sheriff's sale for $120, and that after the expiration of the year for redemption he obtained a sheriff's deed. The sheriff was made a party defendant, and is one of the appellants. The grounds upon which the appellee asks to have the sale set aside are stated in her complaint as follows:

" The plaintiff further avers that the judgment upon which said execution was issued was rendered upon a cause of action founded upon contract, and that the plaintiff was, at the time of the rendition of said judgment, and always continued thereafter to be, a resident householder of the State of Indiana; that said real estate was at the date of said execution, and still is, of the value of $700, and it was then and still is incumbered by mortgage in the sum of $600; that she did not, at the time of the issuing of said execution, own more than $280 worth of real and personal property, including the above described real estate, after deducting the said incumbrance; that she was entitled to have exempted and set off to her the real estate above described as exempt. from said execution; that she made out and delivered to the sheriff a schedule of all of her real and personal estate within and without the State, which said schedule was duly verified in due form of law, and she selected an appraiser and demanded that said property be set off to her, or so much thereof as she was entitled to as such resident householder; that said schedule and inventory of property complied in all respects with the law making a schedule and inventory a condition

precedent to the right to have property exempt from execution by resident householders; that said sheriff took said inventory and schedule and made no objection to the substance or form thereof, but disregarded his duties in that respect and sold said property to his co-defendant, and refused to pay the plaintiff any portion of the purchase-money, but paid the same over to the judgment plaintiff, and entirely disregarded the plaintiff's claim of exemption.

"The plaintiff further avers that the said sheriff never demanded any property of her, nor served said execution upon her. She further avers that the said sheriff and said Guerin, for the purpose of preventing said property from bringing more money, and for the purpose of preventing persons from becoming bidders at said sheriff's sale, announced and proclaimed at said sheriff's sale that whoever bought said property would take it subject to a lawsuit by the plaintiff, and would take it subject to whatever claim the plaintiff had, if she had any, thereon."

Before a debtor is entitled to the benefit of an exemption of his property from sale under execution, he must make out and deliver to the officer holding the execution a schedule of all property belonging to him, or in which he had an interest, at the date of the issuing of the writ, and make and subscribe an affidavit that the inventory contains a true and full account of all his property, had or held by him at the time the execution was issued; and until such schedule and affidavit are furnished, the officer must disregard the debtor's claim for exemption. Sections 713 and 714, R. S. 1881.

It will be observed that while the appellee's complaint alleges that she delivered to the officer a verified schedule of all her property, it does not state that it was all the property belonging to her at the date of the issuing of the execution. The inference would be that it was an inventory of the property owned by her at the date of furnishing the schedule. This date is not given, but it appears to have been subsequent to the time when the execution was issued. At all events, it

does not appear that the schedule and affidavit were furnished on the date of issuing the writ. Statutes relating to exemptions must be liberally construed ; at the same time, however, a party claiming a specific remedy, by reason of the denial of his rights under these statutes, must show that he has substantially complied with their provisions. His pleading must aver facts showing that he was entitled to the benefit of exemption ; otherwise, it will be presumed that the officer, in denying his claim, performed his duty. *Berry* v. *Nichols,* 96 Ind 287. This question was considered in *Over* v. *Shannon,* 75 Ind. 352, which was an action to recover the possession of real estate purchased at sheriff's sale. The defendant answered, charging that his claim for exemption had been denied. This court held that the answer was bad for the reason, among others, that it did not aver that the schedule " contained a full account of all property held at the time the writ was issued." It was said in that case : " For aught that appears, the appellee may have been the owner of other property when the execution was issued, and, indeed, of other property exceeding in value three hundred dollars when the writ was levied."

Facts, not conclusions, should be averred in a pleading. 1 Works Pr. section 346. The allegation in the complaint, that the appellee complied with all the statutory provisions entitling her property to exemption, is a mere conclusion which does not in any way help the complaint.

We are next to consider whether the sheriff's sale was voidable on account of the officer not serving the execution upon the appellee. The statute seems to require such service before levying upon property. Section 719, R. S. 1881. The object of the service is to give the execution defendant an opportunity to pay the execution without incurring further costs, or the right to designate the property to be levied upon. Section 727, R. S. 1881. As the appellee's complaint does not aver that when the levy was made she was then and is still ready to pay the judgment, or that she had

property, other than that levied upon, which she would have designated, and which she is still ready to turn out upon the execution, it is difficult to see how she was harmed by the levy not having been preceded by service of the execution. The want of such service does not, under the facts stated in the complaint, vitiate the sale. Nor do the facts averred in the complaint show misconduct upon the part of the appellants that reasonably could have prevented others from bidding at the sale. The announcement made by them at the sale, that whoever purchased the property would take it subject to a lawsuit by the appellee, and subject to any claim she had upon it, was a matter that any prudent bidder would have considered without such announcement having been made.

The demurrer to the complaint should have been sustained.

Reversed with costs, with instruction to sustain the demurrer to the complaint.

Filed Oct. 15, 1884.