36 981
47 1523

No. 9257.

THE STATE EX REL. Z. E. HEARSEY VS. E. B. TALBOT, JUDGE

TWENTY-THIRD JUDICIAL DISTRICT.

A writ of mandamus will issue to compel the judge of the lower court to grant an appeal from a judgment rendered by him homologating the account of a receiver appointed under his authority to receive and account for the proceeds of the sale of succession property, preparatory to a judicial partition between the heirs of the succession.

Such a judgment, which determines the responsibility of the receiver, and fixes the basis of the partition, could not be reviewed in the partition proceedings, and would, if erroneous, work irreparable injury. It is, therefore, appealable.

APPLICATION for Mandamus.

K. A. Cross for the Relatrix.

Respondent in propria persona.

The opinion of the Court was delivered by

POCHÉ, J. This is an application for a mandamus against the judge of the Twenty-third Judicial District, sitting in the place of the judge

of the Seventeenth District Court of the Parish of East Baton Rouge·
It is predicated on the following facts and judicial proceedings:

At the instance of relator, a sale of the property depending upon the
succession of her father, Gabriel Gusman, had been made under the
order of the court, with a view to a partition of the same among the
heirs of the deceased; and a receiver had been appointed and qualified
to take charge of the property, and to receive the proceeds of the sale
pending the proceedings for partition.

On a rule taken by some of the heirs, the receiver presented his ac-
count to the court, with a prayer for the homologation thereof and for
his discharge.

The account was opposed by the relator herein, who urged, among
other objections, that the account did not embrace all the property of
the succession, and that the receiver claimed more credits than he was
entitled to. Judgment was rendered, adversely to relator, homologat-
ing the receiver's account as presented, and referring the parties to a
notary for final partition. Relator then moved for an appeal from said
judgment, which was refused by the judge. Hence this application for
a mandamus to compel him to grant the order of appeal prayed for.

Although the judge has formally accepted service of our alternative
writ, he has not filed his answer, or filed a brief, or favored us with his
views in any shape in justification of his course in the premises.

We gather from the record that the judge rested his refusal of rela-
tor's prayer for an appeal on the ground that the judgment complained
of is "a mere interlocutory order and not appealable." The legal effect
of the judgment is to fix and determine the active mass of the succes-
sion as a preparatory step to the final partition and distribution of the
same among the heirs. The amount shown by the judgment to remain
in the hands of the receiver to the credit of the succession, will be the
basis on which the notary will proceed to effect the partition under the
authority of the court.

His proceedings and his acts may be the subject of future opposition
or contention between the heirs, and may be the subject of future in-
vestigation and adjudication by the court. But these contentions and
probable adjudications cannot involve or affect the issue of the correct-
ness of the receiver's account, which has already been judicially tested
and approved.

The receiver, as such, has no connection with, and is not a party to,
the proceedings before the notary for the final partition, and therefore
the errors of his account will not and cannot be the subject of judicial

inquiry in the partition proceedings. The judgment complained of is, therefore, final as to the receiver's accounting, and the errors which may exist in his account would thus operate an irreparable injury to this relator. Hence, the judgment which was signed in open court and which deals with an account exceeding in amount twenty thousand dollars, is clearly appealable and falls within the jurisdiction of this Court.

In the case of the State *ex rel.* Ikerd vs. Judge, 35 Ann. 212, we compelled an appeal from a decree dismissing part of a plaintiff's petition and part of the prayer thereof, on the ground that the decree would work irreparable injury to the complainant.

The rule should apply with much greater force to a case in which the judgment complained of judicially settles and determines the responsibility of a fiduciary agent for large sums entrusted to his care and custody, and fixes the basis of the partition of such funds among all the parties in interest.

The judge manifestly erred in refusing the appeal prayed for in this matter.

It is therefore ordered that the alternative writ of mandamus issued herein be made peremptory; and the judge *a quo* is hereby commanded to grant a devolutive appeal to relator from the judgment rendered and signed by him on October 21, 1884, homologating the account of John McGrath, receiver of the proceeds realized from the sale of the property depending on the succession of Gabriel Gusman; and it is finally ordered that he be condemned to pay the costs of these proceedings.