## MUELLER *v.* THE STINESVILLE AND BLOOMINGTON STONE COMPANY ET AL.

[No. 18,933. Filed February 20, 1900.]

APPEAL AND ERROR.—*Parties.*—An insolvent corporation is not a necessary party to an appeal involving only the question of the distribution among creditors of the funds arising from the sale of the property of the corporation. *pp. 233, 234.*

RECEIVERS.—*Sale of Mortgaged Property.—Transfer of Liens.—Priorities.*—Where, after rendering judgment and decree foreclosing mortgages, the court ordered the mortgaged property sold by a receiver without specifically directing that the property should be sold to pay off the adjudged liens, the liens are extinguished in the property, and transferred to the fund arising therefrom, and the allowance of a claim not shown to be entitled to priority, filed by an intervener after the receiver's sale, in preference to the adjudicated liens, was erroneous, although the adjudged lienors did not file claims with the receiver after the sale. *pp. 234, 235.*

From the Monroe Circuit Court.  *Reversed.*

*T. J. Louden* and *J. H. Louden*, for appellant.

*H. C. Duncan, I. C. Batman* and *W. M. Louden*, for appellees.

HADLEY, C. J.—The First National Bank of Bloomington brought foreclosure against Malone and Pickel, makers of the note and mortgage, the Stinesville Stone Company, as purchaser of the mortgaged premises, and Mueller, the appellant, as a junior mortgagee of the Stone Company.

Upon motion of the plaintiff, William M. Louden was appointed a receiver, and ordered to take charge of and preserve the mortgaged property.  Mueller filed a cross-complaint to foreclose his mortgage, making defendants thereto his codefendants and the plaintiff.  The defendants, to each the complaint and cross-complaint, made default, and on June 21, 1897, judgment and decree were given in favor of the plaintiff bank for $7,933, as a first, and in favor of the cross-complainant, Mueller, for $16,905, as a second, lien, and the property ordered sold by the sheriff, and the proceeds applied—First, to the payment of the costs; second, to the payment of the bank's judgment; third, to the payment of Mueller's judgment; fourth, the balance to be paid into court for further orders.  On the day following the entry of the decree of foreclosure, upon his application, the court ordered the mortgaged property sold by the receiver, the order reciting, among other things, that the plaintiff bank and cross-complainant Mueller had some interest therein.  On July 22, 1897, the receiver sold the property for $9,600, in accordance with the order of sale.  On September 27, 1897, appellee, the Stinesville & Bloomington Stone Company, came into said foreclosure proceeding, and applied for permission to prosecute a suit "on an account" against the defendant, Stinesville Stone Company, and Louden, receiver thereof, which leave was granted, and the claim allowed against the receiver for $397.49.  No special lien

or equity in the property of the Stinesville Stone Company was asserted or alleged by the intervener, as appears from the record, and the judgment in his favor was a general allowance against the receiver. On October 15th, the receiver made a report of sale of the mortgaged property, which sale was confirmed, and the receiver ordered to execute to the purchaser a deed of conveyance upon full payment of the purchase money. On November 4, 1897, the receiver was ordered by the court to, and did, give two weeks' notice, by publication, to creditors of the Stinesville Stone Company to file their claims on or before the first day of the next term of court, to begin on the second Monday of January, 1898. On January 22, 1898, the receiver reported to the court full payment of the purchase money, and that he had on hands, principal and interest, $9,744, which the court ordered paid to the clerk for further orders of the court. On January 24, 1898, the receiver filed his account of receipts and disbursements, showing a balance for distribution of $9,678, which report was approved, and the receiver discharged; whereupon the appellee, the Stinesville & Bloomington Stone Company, the First National Bank of Bloomington, and appellant, Mueller, each filed a separate petition and motion for distribution of the fund in court, arising from the sale of the mortgaged property.

The motion of the Stone Company recited the various proceedings of the foreclosure, and the rendition of the several judgments and decrees in favor of the plaintiff bank and cross-complainant, Mueller, and the order of liens and payment that should be observed by the sheriff. It also recited the order of sale granted to the receiver, and averred "that in said order of sale there was no order whatever for the distribution or application of the fund derived from said sale; nor did either the said Mueller or the said plaintiff bank appear to or in any way answer said petition; and there was no order of said court of any kind fixing or determining their rights in said real estate, or said property or-

Mueller *v.* Stinesville, etc., Stone Co.

dered sold, or in any way fixing or determining their liens, or from what fund they should be paid"; that notice was given, under the order of the court, for creditors of the Stinesville Stone Company to file their claims on or before the January term, 1898; that the petitioner had, upon leave granted, prosecuted a claim against the receiver, and was allowed the sum of $397.49, payable out of funds in his hands applicable thereto; that since said notice to creditors, the petitioner's claim is the only one that has been filed against the receiver; that neither the plaintiff bank nor the cross-complainant, Mueller, had filed any claim since the making of said order to creditors. Prayer, that the clerk be ordered to pay its claim in full, to wit, $405, from the funds in his hands. The petitions or motions of the bank and Mueller asked that after payment of costs, fees, and expenses of the receiver, the bank and Mueller be next paid in the order named, in accordance with the decree of foreclosure. The court sustained the motion of the Stinesville & Bloomington Stone Company, and ordered distribution as follows: (1) To pay the costs of this proceeding; (2) to Louden, receiver, for services, $350; (3) to Louden & Louden, attorneys for receiver, $300; (4) to the Stinesville & Bloomington Stone Company its claim of $403.25; (5) to the First National Bank of Bloomington, the amount of its judgment, $8,216.26; (6) the residue to Mueller on his judgment for $16,900. Mueller properly reserved exceptions to the sustaining of the motion of the Stinesville & Bloomington Stone Company, and to the order of distribution made thereon, and upon these exceptions, he prosecutes this appeal.

We are first confronted with a motion by appellees to dismiss the appeal under rule six, on the ground that the assignment of errors does not contain the name of the Stinesville Stone Company. This company was a defendant to the action, was a judgment debtor, was largely insolvent, and a receiver was appointed to take charge of all its property, which was afterwards sold under the order of the court;

and the only question involved in this appeal arises upon the distribution among its creditors of the fund accruing from the sale. The company has no possible interest in the issue here presented and, hence, is not a necessary party to the appeal or assignment of errors. *Alexander* v. *Gill,* 130 Ind. 485; *Hogan* v. *Robinson,* 94 Ind. 138; *Lowe* v. *Turpie,* 147 Ind. 652, 692, 37 L. R. A. 233.

The real question is: Did the court err in its order of distribution by directing the payment of the general claim of the Stinesville & Bloomington Stone Company in preference to the adjudicated specific lien of appellant? We think it did. The Stinesville & Bloomington Stone Company was not a party to the action when the receiver was appointed, and when the foreclosure decree was entered in favor of the bank and appellant, Mueller, and hence, it was not concluded by the adjudication. But when it came into the case, and asserted its claim against the estate in the hands of the receiver, it was bound to take notice of all the steps that had been taken in the action to which it had become a party, and was bound to know that the court had adjudged liens in favor of the plaintiff bank and cross-complainant, Mueller, and against the property of the common debtor in the hands of the receiver. Appellees' judgment was rendered by the same court and in the same action in which appellant's was rendered, and had relation to the same source of payment. And the court, having sequestered the common insolvent debtor's property for distribution among the creditors, must proceed in such a way as will preserve the priorities and equities, as they existed when the receiver was appointed, of all creditors, whether regular parties to the cause, or only parties in interest coming before the court in seasonable time to establish their claims. So, in this case, when the mortgaged property was sold, and the proceeds brought into court, it was still the mortgaged property in another form and impressed with all the priorities and equities that had been judicially declared against it, and sale and

distribution among the creditors should have been made accordingly. High on Rec., §5; *Beverley* v. *Brooke*, 4 Gratt. 187. Sitting as a court of equity with the property in its possession, the court had the undoubted authority, even after authorizing the sheriff to sell the property, to practically nullify the sheriff's authority by directing its receiver to make the sale, if it appeared that a sale by the receiver would be to the best interests of the creditors as a class. *Premier Steel Co.* v. *McElwaine-Richards Co.*, 144 Ind. 614, 622; High on Rec., §192.

The contention of appellee, that, because in its order of sale to the receiver the court did not specifically direct that the property should be sold to pay off the adjudged liens, or free from liens, it must be held as having been sold subject thereto, and the lienors driven to the property in the hands of the purchaser for their remedy, can not be accepted, so far as it applies to parties to the action. When a court of equity has taken possession of property for administration for the benefit of creditors, and claimants thereto have come before the court with their pretensions and had their priorities and equities judicially determined, and a sale is ordered to carry out the equitable conclusions, by the sale thus made the liens of all parties to the action are extinguished in the property, and transferred to the fund arising therefrom. In the final distribution of this fund among the creditors, who have come into the case at any stage of the proceeding, in respect of priorities, the court will be governed by established principles, keeping in view that the superior rights and equities of creditors are to be preserved in the fund to the same extent that they existed in the property sold. It does not appear, by appellee's motion nor by the record, that it is entitled to priority in the distribution of the fund; and its motion was therefore improperly sustained.

Judgment reversed, and cause remanded, with instructions to overrule appellee's, the Stinesville & Bloomington Stone Company's motion for distribution, and for further proceedings in accordance with this opinion.