THE FRANKFORT CONSTRUCTION COMPANY *v.* SIMS ET AL.

[No. 22,764.    Filed June 9, 1916.]

1. APPEAL.—*Decisions Reviewable.—Finality of Determination.*— It is the general rule, subject to certain exceptions, that an appeal may be taken only from a final judgment disposing of all the issues involved in the action.    p. 73.

2. APPEAL.—*Decisions Reviewable.—Finality of Determination.— Collateral Proceeding.*—An appeal may be taken from a judgment or decree which judicially determines all of the issues presented by a collateral or auxiliary proceeding and leaves nothing to be done therein except the ministerial act of executing such judgment. p. 73.

3. · HIGHWAYS.—*Appeal.*—*Decisions Reviewable.*—*Statute.*—No appeal lies from the action of the board of county commissioners in striking out the reports of the road superintendent and engineer recommending the acceptance of a road and continuing the construction company's claim for its final allowance, since the statute (§7733 Burns 1914, Acts 1905 p. 560) governing appeals in such proceedings provides that appeals may be taken only when the board has entered an order accepting or refusing a road improvement. p. 74.

From Carroll Circuit Court; *James P. Wason,* Judge.

Proceedings by Carl W. Sims and others against the acceptance of a road improvement. From a dismissal of an appeal to the circuit court from the order of the Board of Commissioners of Clinton county, the Frankfort Construction Company appeals. *Affirmed.*

*O. E. Brumbaugh* and *C. R. Pollard,* for appellant. *John W. Strawn, William Robison, Harry C. Sheridan, Earl F. Gruber* and *Hanna & Hall,* for appellees.

SPENCER, J.—On December 16, 1911, Patrick R. Corbett and others filed with the board of commissioners of Clinton county a petition asking for the improvement of a certain highway in said county. Such further proceedings were had before the board of commissioners as resulted in the letting to appellant of a contract for the construction of the proposed improvement in accordance with plans and specifications filed with the report of the engineer and viewers to whom the matter was referred. On May 26, 1913, the superintendent for the construction of such improvement filed with the auditor of Clinton county his verified statement "that all of said gravel road has been fully completed practically as required and substantially according to the plans, plats, profiles and

contract under which said improvement was let" * * *. A similar report, showing that the work had been completed "practically and substantially" according to the plans and specifications, was filed by the engineer. Appellee Sims, as an interested taxpayer, thereupon filed a verified remonstrance in due form against the acceptance of the road as finished, and appellee Cheadle filed a motion to strike out the reports of the superintendent and engineer, for the reason that neither of such reports stated that the improvement had been in all respects completed according to contract. The motion to strike out was sustained and the matter submitted on appellant's claim "for the final twenty (20) per cent payment due the contractor when said road has been accepted by the board of commissioners as completed in accordance with plans and specifications." The board found generally that said road had not been accepted and continued appellant's claim until such acceptance. The cause was thereupon appealed to the Clinton Circuit Court, and then venued to the Carroll Circuit Court, where appellees Sims and Cheadle filed separate motions to dismiss the appeal, on the ground, among others, that it was not prosecuted from a final judgment. These motions were sustained and the action of the trial court in thereafter dismissing the appeal is now presented for review.

The general rule is well settled that an appeal may be taken only from a final judgment which disposes of all of the issues presented by the pleadings,

1. and thus puts an end to the controversy. That rule finds exception, however, in the statutory provisions for appeals from certain

2. interlocutory orders, and it does not preclude an appeal from a judgment or decree which judicially determines all of the issues presented by a

collateral or auxiliary proceeding and leaves nothing to be done therein except the ministerial act of executing such judgment or decree as rendered. *Hamrick* v. *Loring* (1896), 147 Ind. 229, 231, 45 N. E. 107; *Mutual, etc., Assn.* v. *Smith* (1897), 169 Ill. 264, 268, 48 N. E. 208, 61 Am. St. 172; Elliott, App. Proc. §99; 2 R. C. L. p. 41, §22.

As applied to this case, however, it is clear that the action of the board of commissioners in striking out the reports of the engineer and superintendent, and in continuing appellant's claim for its final allowance, did not serve to dispose of the entire proceeding or of any separate and distinct branch thereof. The right of appeal in actions of this character is statutory (§7733 Burns 1914, Acts 1905 p. 560), and is available only when the board of commissioners has entered an order accepting or refusing to accept the improvement in question. An appeal from such a decision to the circuit court presents for determination all of the issues raised before the board of commissioners, and challenges the rulings of the board in making up such issues. *Board, etc.* v. *Branaman* (1907), 169 Ind. 80, 92, 82 N. E. 65. But where, as in this case, there has been no express finding and decision that the improvement is accepted or not accepted, an appeal from intermediate rulings of the board of commissioners is premature, and should be dismissed. This conclusion sustains the action of the Carroll Circuit Court, and its judgment is therefore affirmed.

Note.—Reported in 113 N. E. 298. See under (1), (2) 2 Cyc 586; (3) 37 Cyc 133.