# H. C. Smith Coal Company *v.* Finley et al.

### [No. 23,958.   Filed April 27, 1921.]

1. **Appeal.**—*Decisions Reviewable.*—*Finality of Determination.* —It is the general rule that an appeal may be taken only from a final judgment which disposes of all the issues presented by the pleadings.   p. 485.

2. **Appeal.**—*Decisions Reviewable.*—*Finality of Determination.* —*Collateral Proceedings.*—A judgment or decree which judicially determines all of the issues presented by a collateral or auxiliary proceeding and leaves nothing to be done therein except the ministerial act of executing such judgment or decree as rendered is appealable.   p. 485.

3. **Appeal.**—*Decisions Reviewable.*—*Finality of Decree.*—*Judgment Approving Receiver's Final Report.*—A judgment approving a receiver's final report and directing a distribution of the assets remaining in his hands *held* appealable as a final judgment, even though the claim of plaintiff appellant, in whose action the receiver was appointed, had not been reduced to judgment.   p. 486.

4. **Appeal.**—*Term-Time.*—*Parties.*—*Judgment Approving Receiver's Final Report.*—*Statutes.*—Under §675 Burns 1914, Acts 1895 p. 179, and §679 Burns 1914, §638 R. S. 1881, in a term-time appeal from a judgment approving a receiver's final report and directing distribution of assets, appellant was not required to join any of its coparties to the record below. p. 486.

5. **Appeal.**—*Right of Appeal.*—*Judgment Approving Receiver's Final Report.*—*Bona Fide Claimant.*—That plaintiff, in whose action a receiver had been appointed, was a *bona fide* claimant to the fund in the receiver's hands was sufficient to show an interest in the subject-matter of the proceeding entitling it to appeal from a judgment approving the receiver's final report and directing distribution of assets, though plaintiff's claim had not been reduced to judgment prior to rendition of the judgment appealed from.   p. 487.

6. **New Trial.**—*Filing Motion Prior to Entry of Judgment.*— *Statutes.*—Under §587 Burns 1914, Acts 1913 p. 848, requiring that a motion for a new trial be filed within thirty days from the time when the verdict or decision is rendered, it is not improper practice to file a motion for new trial immediately following the decision of the court and prior to the entry of judgment.   p. 487.

7. APPEAL.—*Presenting Questions for Review.—Order Sustaining Debtor's Claim to Exemption.—Necessity of Exception.*—An exception to an order sustaining debtor's claim to a householder's exemption, subject to certain claims against the receivership, was not a prerequisite to a motion to vacate the order, though it was essential to a review of the ruling on appeal. p. 487.

8. MOTIONS.—*Interlocutory Orders.—Finality.*—Interlocutory orders, when within the jurisdiction of the court, are, as to all matters properly embraced within them, of binding authority so long as they remain in force, but they are within the control of the court making them until the proceeding or cause in which they are made is finally disposed of. p. 487.

9. APPEAL.—*Decisions Reviewable.—Order Sustaining Debtor's Claim to Exemption.*—Where debtor's property was in the hands of a receiver, and the court, on debtor's exceptions to. the receiver's final report covering the entire period of the receivers administration, modified an interlocutory order sustaining debtor's claim to a house-holder's exemption from execution, subject to certain claims against the receivership, and fixing priorities as between claimants, and held that the debtor was entitled to receive the balance of the assets under his claim of exemption rather than under the interlocutory ruling, a claimant's exception to that decision and to the ruling on its motion for a new trial *held* to present the question of the court's ruling on the claim of exemption on claimant's appeal, although claimant failed to except to the interlocutory order. p. 488.

10. EXEMPTIONS. — *Statutes. — Construction.* — Exemption laws are based upon wise consideration of public policy, and are designed largely for the benefit of the debtor's family or those dependent upon him for support, and, therefore, in the interest of such debtor, should be reasonably and liberally construed, but such construction should not operate to include persons not bringing themselves within the provisions of the statute under which the right is claimed. p. 489.

11. RECEIVERS.—*Order Appointing.—Character and Operation.*—The order appointing a receiver resembles the issuance of a writ of sequestration under the chancery practice, and operates as a levy of an equitable execution on the property of the defendant and is in the nature of a final process, although preceding the judicial disposition of the proceeds thereof. p. 490.

12. EXEMPTIONS.— *Property in Hands of Receiver.— Debtor's Claim of Exemption.—Time for Filing.—Statutes.*—Where a debtor seeks to have his property in the hands of a receiver

exempted from sale under §745 Burns 1914, §703 R. S. 1881, providing for a householder's exemption against a sale on execution or any other final process from a court, he is required to file with the receiver a schedule of the property owned by him or in which he has an interest as of the time the receiver was appointed under §756 Burns 1914, §714 R. S. 1881, providing for the schedule of property owned at the date of the issuing of the writ, since the property of the debtor passes into the custody of the court upon the appointment of the receiver; and where an allowance of the debtor's claim for exemption is based on a schedule of property owned subsequent to the receiver's appointment, it is contrary to law and will be set aside. p. 490.

13. EXEMPTIONS.— *Time for Claiming Exemption.*— A debtor claiming his property in the hands of a receiver to be exempt from sale on execution may assert his claim at any time before the property is sold. p. 491.

14. EXEMPTIONS.—*Debtor's Right to Repeat Claim to an Exemption.*—Although a debtor may renew his claim to an exemption as against successive levies on the same judgment in order to prevent an exhaustion of his property by judicial process, he cannot successfully repeat his claim at various stages in the one proceeding. p. 492.

From Marion Superior Court (93,602); *V. G. Clifford,* Judge.

Action by the H. C. Smith Coal Company against John D. Finley, doing business under the name of the Mitchell Coal Company, and others, in which a receiver was appointed. From a judgment approving the receiver's final report and directing the distribution of assets remaining in his hands, the plaintiff appeals. (Transferred from the Appellate Court under §1394 Burns 1914, Acts 1901 p. 565.) *Reversed.*

*Bernard Korbly, Willard New, Charles E. Henderson* and *Clinton B. Marshall,* for appellant.

*Arthur R. Robinson* and *Frank A. Symmes,* for appellees.

MYERS, J.—This is an appeal from a judgment of the Marion Superior Court approving a receiver's final re-

port and directing distribution of the assets remaining in his hands. Preliminary to a consideration of the case on its merits we are confronted with a motion to dismiss the appeal filed by appellee Finley, hereinafter referred to as the appellee. This motion, in effect, presents four questions of law. As pertinent to the issues thus raised, it is proper at this time to review briefly the proceedings had in the lower court.

On January 26, 1914, appellant brought suit against appellee, a retail dealer in coal and other fuel, and alleged facts showing appellee's indebtedness to it and other creditors, the general condition of his business, and asking for the appointment of a receiver to take charge of and administer said business for the best interests of all concerned. Appellee appeared and filed an answer in which he admitted in substance the facts set out in the complaint, including his indebtedness to appellant, and joined in the prayer for the appointment of a receiver. A hearing was had which resulted in the appointment of a receiver who qualified and took charge of appellee's business. On September 11, 1914, the receiver filed a current report in which he asserted that the business could not be operated at a profit under existing conditions and prayed the court for an order directing him to sell the assets of the business and distribute the proceeds thereof. On the same day appellee filed a verified petition in which he asked for an order setting over to him out of the assets in the hands of the receiver, or out of the proceeds to be derived from the sale thereof, an amount of property or money sufficient, with the property which he then held, to make up a householder's exemption. As a part of this petition, appellee filed an inventory in which he listed all the property then owned by him, but did not inventory his property as of any other date. The court directed a sale of the property in the hands of the receiver and

later, on December 19, 1914, entered an order sustaining appellee's claim to an exemption, subject to certain claims against the receivership. These claims were not judicially approved nor their amounts fixed. At a subsequent term of court, appellant, without having reserved an exception to the above order, filed a motion to vacate the same, on grounds similar to those which are urged in support of the present appeal. Over appellant's objection and exception the motion to vacate was stricken from the files at the request of appellee and, on April 22, 1915, the cause was submitted to the court on the receiver's final report and appellee's exceptions thereto. The report was approved and the judgment entered from which this appeal is prosecuted.

The principal contention made in support of the motion to dismiss rests on the assumption that, because appellant's claim has not yet been reduced to a judgment, the decree of April 22, 1915, is interlocutory in character rather than final, and no appeal is authorized therefrom. As stated in *Frankfort Construction Co.* v. *Sims* (1916), 185 Ind. 71, 73, 113 N. E. 298: "The general rule is well settled that an appeal may be taken only from a final judgment which disposes of all of the issues presented by the pleadings, and thus puts an end to the controversy. That rule finds exception, however, in the statutory provisions for appeals from certain interlocutory orders, and it does not preclude an appeal from a judgment or decree which judicially determines all of the issues presented by a collateral or auxiliary proceeding and leaves nothing to be done therein except the ministerial act of executing such judgment or decree as rendered." Cases of the latter class form an apparent rather than an actual exception to the general rule, since a final judgment rendered therein serves fully to dispose of a distinct branch of the proceeding

(Elliott, Appellate Procedure §99), and such judgments have frequently been recognized as affording the proper basis for an appeal. *Galvin* v. *Taylor* (1916), 184 Ind. 736, 741, 112 N. E. 513; *Hamrick, Trustee,* v. *Loring* (1896), 147 Ind. 229, 231, 45 N. E. 107; *Voorhees* v. *Indianapolis Car, etc., Co.* (1895), 140 Ind. 220, 226, 39 N. E. 738; *National Surety Co.* v. *Button* (1908), 41 Ind. App. 301, 306, 83 N. E. 644; *Williams* v. *Morgan* (1883), 111 U. S. 684, 699, 4 Sup. Ct. 638, 28 L. Ed. 559.

As applied more particularly to facts such as are here in issue, it has been expressly decided in a number of cases that in a receivership suit, a decree which settles the receiver's accounts, approves payments made by him, determines his compensation and directs distribution of the surplus, is a final decree, at least for the purposes of appeal, without regard to the status of the main action. *Shannon* v. *Shepard Mfg. Co.* (1918), 230 Mass. 224, 229, 119 N. E. 768; *Chandler* v. *Cushing-Young Shingle Co.* (1895), 13 Wash. 89, 95, 42 Pac. 548; *Los Angeles* v. *Los Angeles, etc., Co.* (1901), 134 Cal. 121, 124, 66 Pac. 198; *Patterson* v. *Ward* (1897), 6 N. Dak. 359, 71 N. W. 543; *State, ex rel.* v. *Judge* (1884), 36 La. Ann. 981, 983.

Under these authorities, it is clear that the decree entered in this case on April 22, 1915, operated as a complete judicial determination of a distinct branch of the proceeding and was therefore properly appealable as a final judgment. This conclusion serves also to dispose of appellee's further contention that the appeal was not perfected in time, since that contention is based on the theory that this is an attempted appeal from an interlocutory order. As actually perfected, the proceeding constitutes a term-time appeal from a final judgment and it was not necessary for appellant to join

any of its coparties to the record below.   §675 Burns 1914, Acts 1895 p. 179; §679 Burns 1914, §638 R. S. 1881; *Ward* v. *Yarnelle* (1910), 173 Ind. 535, 541, 91 N. E. 7; *Pein* v. *Miznerr* (1908), 170 Ind. 659, 663, 84 N. E. 981.

The remaining grounds of the motion to dismiss do not require extended discussion. The fact that appellant is a *bona fide* claimant to the fund in controversy is

5.   sufficient to show an interest in the subject-matter (*Polk* v. *Johnson* [1906], 167 Ind. 548, 551, 78 N. E. 652, 79 N. E. 491), while the filing of

6.   appellant's motion for a new trial immediately following the decision of the court and prior to the entry of judgment, was not improper practice.   The statutory requirement is that the motion shall be filed within thirty days "from the time when the verdict or decision is rendered" (§587 Burns 1914, Acts 1913 p. 848), and the actual entry of judgment has no bearing thereon.   The motion to dismiss is overruled.

The order entered by the trial court on December 19, 1914, did not determine any of the amounts to be paid by the receiver and was in the nature of an inter-

7.   locutory order fixing priorities.   As such, it might properly have been set aside on appellant's motion, if found to be erroneous (*Ryon, Rec.,* v. *Thomas* [1885], 104 Ind. 59, 63, 3 N. E. 653; *Johnson* v. *Moore* [1887], 112 Ind. 91, 92, 13 N. E. 106), and the reservation of an exception to the original order was not a prerequisite to the motion to vacate, although it was essential to the review of such interlocutory ruling on appeal.   However, as is stated in *Ryon, Rec.,* v. *Thomas, supra,* 62, "interlocutory orders, when within the

8.   jurisdiction of the court, are, as to all matters properly embraced within them, of binding authority so long as they remain in force, but they are within the control of the court making them until the

proceeding or cause in which they are made is finally disposed of." See also: *Fourniquct* v. *Perkins* (1853), 57 U. S. (16 How.) 82, 85, 14 L. Ed. 854; *Webb* v. *Buckelew* (1880), 82 N. Y. 555, 560; *N. K. Fairbank Co.* v. *Windsor* (1903), 124 Fed. 200, 202, 61 C. C. A. 233; *Agnew* v. *Omaha Nat. Bank* (1903), 69 Neb. 654, 663, 96 N. W. 189.

In the present case, the exceptions filed by appellee to the receiver's final report covered the entire period of his administration, and, in passing on the issues thus presented, the trial court modified the effect of its interlocutory order with regard to certain claims against the receivership and held that appellee was entitled "to receive the balance of said assets under his claim of exemption," rather than under the interlocutory ruling. No payments had been made to appellee under the original order, and as appellant did not question any item in the receiver's account, it was not required to file exceptions thereto. The decision of the court on the exceptions filed by appellee embraced substantially every issue in the case and superseded its earlier order, and appellant's exceptions to that decision, and to the ruling on its motion for a new trial, are sufficient properly to present every question which it now seeks to raise.

It will not be necessary to notice all the questions sought to be presented by the motion for a new trial. In brief, it is appellant's contention that the appointment of the receiver operated as an equitable execution on the property of appellee and that, in order to avail himself of his exemption rights, it was incumbent on appellee to schedule his property as of the date when the receiver was appointed, and that, failing so to do, his claim is barred. The law provides for a householder's exemption against "sale on execution or any other final process from a court" (§745 Burns 1914, §703 R.

S. 1881), but it further requires, as a prerequisite to the granting of such relief, that the debtor "shall make out and deliver to the sheriff or other officer having the writ, an inventory of all of his or her real estate, within or without this state, money on hand or on deposit within or without this state, rights, credits, and choses in action, and all personal property of every description whatever belonging to him or in which he had any interest *at the date of the issuing of the writ,* and make and subscribe an affidavit to the same that such inventory contains a full and true account of all such property as required in this act to be set out in the said inventory, had or held by him *at the time such writ was issued.*" (Our italics) §756 Burns 1914, §714 R. S. 1881.

As stated in *Miller* v. *Swhier* (1907), 40 Ind. App. 465, 467, 79 N. E. 1092: "The exemption laws of this State are based upon wise considerations of public policy, and designed largely for the benefit of the debtor's family or those dependent upon him for support, and therefore in the interest of such debtor these laws should be reasonably and liberally construed. *Pomeroy* v. *Beach* (1898), 149 Ind. 511, 515, and cases there cited. But liberal construction does not mean a construction which will enlarge express statutory provisions so as to include a right not clearly given and inconsistent with other well-established and fundamental principles of law, nor to include persons not bringing themselves within the provisions of the statute under which the right is claimed."

10.

Similarly, it has been held that: "When the statute which confers the right also prescribes the manner in which the right may be secured, the failure to assert the right at the time and in the manner prescribed will be deemed a waiver of the privilege." *Wagner* v. *Barden* (1895), 13 Ind. App. 571, 573, 41 N. E. 1067. See also,

*Moss* v. *Jenkins* (1897), 146 Ind. 589, 45 N. E. 789; *Graves* v. *Hinkle* (1889), 120 Ind. 157, 21 N. E. 328; *Guerin* v. *Kraner* (1884), 97 Ind. 533; *Over* v. *Shannon* (1881), 75 Ind. 352.

The order appointing a receiver resembles the issuance of a writ of sequestration under the chancery practice, and operates as a levy of an equitable 11. execution on the property of the defendant and is in the nature of a final process, although preceding the judicial disposition of the proceeds thereof. *Mueller* v. *Stinesville, etc., Stone Co.* (1900), 154 Ind. 230, 56 N. E. 222; *Randall* v. *Wagner Glass Co.* (1911), 47 Ind. App. 439, 94 N. E. 739; *Southern Granite Co.* v. *Wadsworth* (1896), 115 Ala. 570, 22 South. 157; *Armsby* v. *People, ex rel.,* (1854), 20 Ill. 155; *Reid* v. *The North-Western R. Co.* (1858), 32 Pa. St. 257; *Beverley* v. *Brooke* (1847), 45 Va. (4 Grat.) 187, 208, *In re Merchants Ins. Co.* (1871), Fed. Cas. No. 9,441, 3 Biss. 162.

As is said in the case last cited: "It also seems clear to us that the appointment of a receiver by the state court to take possession of the property and assets of the person, firm, or corporation, and apply the same to the payment of debts, is a 'taking on legal process,' within the meaning of the 8th clause of the 39th section of the bankrupt act. The receiver of a court of chancery is its executive officer, as much so, to all intents and purposes, as a sheriff of a court of law; and the goods or property in his hands are as much in the custody of the law as if levied upon under an execution or attachment. Indeed, the purpose for which the receiver in this case takes the property is the same as that of a sheriff in making his levy, except that the scope of the receiver's warrant is more comprehensive, he being required to pay *all debts,* while

the sheriff only seeks the payment of the specific debt mentioned in his execution or attachment."

Similar in principle to the above cases are those which hold that the appointment of a receiver serves to fix the rights of the several parties in interest as they exist at the time of his appointment, although such rights may not be determined judicially until the final hearing in the matter. *Strebel* v. *Bligh* (1915), 183 Ind. 537, 542, 109 N. E. 45; *American Trust, etc., Bank* v. *McGettigan, Rec.* (1899), 152 Ind. 582, 587, 52 N. E. 793, 71 Am. St. 345; *Lorch* v. *Aultman & Co.* (1881), 75 Ind. 162, 165.

It is the order of appointment which places the property of the defendant *in custodia legis* and it is that order, therefore, which corresponds to the issuance of a writ of execution in a proceeding at law. Smith, Receiverships 53; *Jones* v. *Arena Publishing Co.* (1897), 171 Mass. 22, 26, 50 N. E. 15; 34 Cyc 199, 200.

From the foregoing authorities and the express provisions of our householders exemption statute, it would seem to follow that the debtor who asserts his right to an exemption in cases of this character must prepare and file with the receiver a schedule of the property owned by him or in which he had an interest, *as of the time the receiver was appointed.* For upon the appointment of the receiver the property passed into the custody of the court.

A receiver, like a sheriff, "is not entitled to property of the debtor which is reserved to him under the exemption laws" (34 Cyc 191), and the same method of retaining such property is to be followed by the debtor in either case. This right may be asserted at any time before the property is sold (*Robinson* v. *Hughes* [1889], 117 Ind. 293, 295, 20 N. E. 220, 3 L. R. A. 383, 10 Am. St. 45), but always on the statu-

tory condition, applicable in one case as in the other, that the schedule must show what property the debtor owned at the time it was subjected to judicial process. This rule works no hardship in its general operation for it reserves to the debtor whose property has been placed in the hands of a receiver every right to which he would have been entitled as against a writ of execution, and, at the same time, it admits of an administration of that property to the greater benefit of his creditors. The court of equity has the power, and may subsequently deem it expedient to sell the property in its possession (High, Receivers [4th ed.] §192), but an order to that effect, made in the course of administration, does not constitute a new "process," since the property has already been subjected to judicial control.

In the instant case, it appears from the record and largely from the testimony of appellee and his bookkeeper, that appellee withheld from the receiver, 14. at the time of the latter's appointment, money and other property of an amount sufficient to make the statutory exemption. However this may be, on a property showing months after the appointment of the receiver, it cannot be said that he is further entitled to participate in the remaining assets, unless they are more than sufficient to pay the debts. While a debtor may renew his claim to an exemption as against successive levies on the same judgment, in order to prevent an exhaustion of his property by judicial process (*Chatten* v. *Snider* [1890], 126 Ind. 387, 390, 26 N. E. 166), he cannot successfully repeat his claim at various stages in the one proceeding. A cumulative exemption of that character would enlarge the express provisions of the statute beyond their spirit or letter. *Miller* v. *Swhier, supra.*

Since the schedule filed by appellee does not meet the statutory requirements, in that it fails to list his prop-

erty as of the correct date, it follows that the allowance of his claim for exemption, which rests thereon, is contrary to law and must be set aside. *Guerin* v. *Kraner, supra; Over* v. *Shannon, supra.*

Judgment reversed, with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent herewith.

Townsend, J., absent.