LOUDEN *v.* B. F. GOODRICH RUBBER COMPANY ET AL.

[No. 14,609. Filed May 20, 1933. Rehearing denied September 28, 1933.]

434

*Edwin Corr* and *Robert G. Miller*, for appellant.

*Jess B. Fields, George W. Henley* and *Alfred Evans*, for appellees.

CURTIS, C. J.—The City Super-Service Company was a corporation engaged in operating a garage and filling station in the city of Bloomington, Indiana. It became financially involved. Its place of business was on land owned by the appellant and it owed him a large sum of money for rent for which he brought suit. The venue of said cause was changed to Lawrence county where a judgment was entered on October 7, 1930, for $7,405.00. On a third paragraph of complaint a judgment for $300.00 was also entered, all in favor of the appellant. These judgments were subsequently by agreement of the parties reduced to $3,955.55. Executions on said judgments were issued by the clerk of the Lawrence Circuit Court to the sheriff of Monroe county on October 11, 1930. They came into his hands on October 13, 1930. His return on each execution was identical and we set out only one return as follows:

"Came to hand this 13th day of October, 1930, and served as commanded by levying on all the property of said defendant and taking all of said property into my possession and placing Clarence Hillerman in charge of said property.

"Done at Bloomington, Indiana, this 13th day of October, 1930, at 11:00 o'clock A. M.

Ray H. Stephens, Sheriff,
by J. L. Bender, Deputy."

On October 14, 1930, which was one day after the sheriff's levy under the two executions above mentioned,

one Silas E. Alexander was appointed a receiver for the said City Super-Service Company by the Monroe Circuit Court in a cause of action which had been brought by the B. F. Goodrich Rubber Company against the City Super-Service Company on an account and a promissory note. There was a judgment on October 13, 1930, in this last mentioned cause for $452.75 in favor of the plaintiff therein against the City Super-Service Company. On the next day by agreement of the parties the court named the said Alexander as receiver. He immediately qualified and entered upon the discharge of his trust by taking possession of the assets of said City Super-Service Company and proceeded to sell the same under order of court. At the sale he received a bid of $2,670.87 from the appellant who was the highest bidder. This sale was approved by the court and a bill of sale approved and ordered delivered to said purchaser. The said receiver later filed his final report which showed a total gross assets of $3,206.02, which included the sale price of $2,670.87 above mentioned, together with $535.15 received from some accounts he had collected. He took credit for $678.71 for disbursements made, leaving $2,527.31 as net cash on hand. His report also showed itemized liabilities of a general nature totaling $10,817.98, and claims to be paid at face amounting to $569.75, which included $69.75 for court costs in various cases, a receiver's fee of $200, and an attorney's fee of $300.00, leaving $1,957.56 for distribution to the general creditors. He asked that his final report be approved and that he be authorized and directed to disburse the funds left in his hands in accordance with his report and that he be discharged. Among the said liabilities of a general nature he listed the judgments of the appellant in the agreed amount of $3,955.55.

To the final report thus filed the appellant filed exceptions. The first exception was based upon the conten-

tion that the said judgments of the appellant in the agreed amount of $3,955.55 were first liens on the proceeds in the hands of the receiver and that said proceeds should be turned over to the sheriff under the said levies so made on said executions heretofore mentioned. The second exception was as to the item of $69.75 costs in nine cases filed by the receiver upon small claims, the contention being that said costs are not preferred claims but simply a part of said judgments. The third and fourth exceptions were as to the receiver's and attorney's fees, the claim being that they are excessive and of no value. The fifth and last exception related to some small judgments obtained by the receiver which the exceptor asked to have assigned to him to apply on his said judgments.

The record shows that the court conducted a hearing on the said exceptions to the final report and overruled each of the same except as to the second, to which ruling of the court the appellant excepted. The receiver then asked and was given authority to file a supplemental report amending paragraph two and setting forth a statement of creditors, amount of claim and shares of distribution. This supplemental report showed the additional sum of $13.82 collected since the original final report was filed; that he had disbursed the said $300 and $200, respectively, as attorney's and receiver's fees; that the said item of $69.75 costs heretofore mentioned and which was made the subject of the exceptor's exception number two has been determined to be a general claim and that the claim of Indiana Bell Telephone Company has been eliminated by the same being assumed by the new lessee and that the said judgments yet unpaid which the receiver obtained should be assigned to a trustee for the benefit of all creditors. This supplemental report showed a balance of $2,041.13 left for distribution to the general creditors. The appellant then filed excep-

tions to the final report and to the said supplemental report of the receiver. The reasons for said exceptions were in legal effect identical with the exceptions filed to the original final report except that the exception as to the said $69.75 court costs was omitted.

On December 4, 1931, the appellant filed a petition also to have the funds in the hands of the receiver paid over to him. This petition presented the same reasons for asking that said funds be turned over to the appellant as are contained in his said first exception to the reports of the receiver. To both the pending exceptions of the appellant to the final and supplemental report of the receiver and to his petition above mentioned to have the said funds in the hands of the receiver turned over to him, the receiver filed answers of former adjudication, to which answers the appellant filed replies in general denial. On December 24, 1931, the following record therein was made:· "The court overrules the exceptions of Theodore J. Louden to the final report and supplemental report of the receiver" and "also overrules the petition and motion of Theodore J. Louden to distribute all of the assets in the hands of the receiver to the said Theodore J. Louden," to each of which rulings of the court the appellant excepted. It was then ordered, adjudged and decreed that the appellant take nothing by reason of his said exceptions to the final report and supplemental report and that he take nothing by reason of his petition and motion to distribute to him all of said assets in the hands of the receiver. It was further ordered that the receiver distribute the sum of $2,041.13 now in his hands to creditors as general claims as follows: (Here follows a list of distributions ordered made to the various general creditors including a distribution of $743.84 to the appellant as his pro rata distributive share.)

On December 24, 1931, the appellant filed his motion

for a "new trial of this cause on the issues and the exceptions of the said Theodore J. Louden to the final report of the receiver on October 17, 1931, because: (1) The decision of the court is not sustained by sufficient evidence. (2) The decision of the court is contrary to law." An identical motion for a new trial was filed as to the hearing on the appellant's exceptions to the final report and supplemental report of said receiver, and also as to his petition and motion for distribution to him of the assets in the hands of the receiver. The court overruled each motion for a new trial with an exception in each instance to the appellant, whereupon this appeal was prayed and perfected.

The assignment of error, omitting formal parts, is as follows:

"First: The Monroe Circuit Court erred in overruling the exceptions of the appellant, except exception number two (2) to the report of the receiver herein, which report was filed on June 18, 1931, over appellant's objections and exceptions.

"Second: The Monroe Circuit Court erred in overruling the appellant's exceptions to the final report and supplemental report of the receiver herein, over appellant's objections and exceptions.

"Third: The Monroe Circuit Court erred in overruling appellant's petition and motion to require the receiver to pay over to appellant the funds in his hands as receiver herein, over appellant's objection and exception.

"Fourth: The Monroe Circuit Court erred in overruling appellant's motion for a new trial on the issues made on his exceptions to the final report of said receiver on October 17th, 1931.

"Fifth: The Monroe Circuit Court erred in overruling appellant's motion for a new trial on the issues formed

on his exceptions to the final report, and supplemental report of the receiver herein.

"Sixth: The Monroe Circuit Court erred in overruling appellant's motion for a new trial of the issues formed on his petition and motion for distribution to him of the assets in the hands of the receiver in this cause."

The errors relied upon for reversal are in legal effect identical with the assignment of error.

The appellant, in his brief, in order, as he says, to avoid an adverse decision on a technicality has presented the question raised in this appeal in two ways: First, by reserving an exception to the ruling of the court in overruling his exceptions to the report of the receiver and assigning this ruling as error in the assignment of errors; and, secondly, by his motion for a new trial.

The appellee has not challenged the appellant's methods, but makes several contentions, first, as to alleged defects in briefing, and next as to the merits, mainly as follows: That the appellant has not complied with clause 5 of rule 22 of this court in the matter of making a condensed recital of the evidence in his brief. We have examined the brief carefully and have concluded that the appellant has substantially complied with the rule in that regard. It is also contended that the evidence is not properly in the record. In this the appellee is in error. The appellee also insists that no lawful levy was made by the sheriff under the two executions heretofore mentioned and that even if there had been a lawful levy it was abandoned when the appellant himself purchased the property on which he had a lien, paying the full cash price therefor without objection; that the receiver took the property subject to no liens arising under said executions; that when the sheriff left the property in charge of said Hillerman the levy was abandoned

and that the sheriff failed to exercise physical control over the property when he took the inventory furnished by the manager of the property and left said manager Hillerman in charge of the property.

The evidence of the deputy sheriff concerning the levies, as set out in appellant's brief, is as follows: "I was deputy sheriff on the 13th day of October, 1930. The return on the back of Exhibit 'A' was made by me. These two executions came to hand some time the morning of October 13th, and I served them at about eleven o'clock A. M. of that morning upon Clarence Hillerman, at that time manager of the City Super-Service Company. I read the executions to Mr. Hillerman and said that I was making a levy on the property of the City Super-Service Company, and I intended to make a list of the visible property. He said after viewing the property that he had a list made out and which he had as an inventory of property on hand, and I took the list he gave me and told him I made a levy on the property on hand, and left him in charge, until I should receive further orders. I did not make the inventory a part of my return. I removed no part of the personal property from the premises."

Ervin Alexander, the receiver, testified as follows: "I am the receiver of the property of the City Super-Service Company. I qualified as receiver October 14th, 1930. After qualifying, I went to the garage of the City Super-Service Company. I found Mr. C. F. Hillerman in charge. I told him I had been appointed receiver for the business and had come to take possession of the property of the business. I operated the place two or three days, then decided it was operating at a loss and closed the place up. Mr. Hillerman did not tell me the property had been levied upon by the sheriff of Monroe county. He turned over the keys to me. I sold the assets of the City Super-Service Company pursuant to

order of the court to T. J. Louden. He paid the purchase price and I turned the property over to him."

The parties entered into the following stipulation: "IT IS STIPULATED BY AND BETWEEN THE PARTIES that the only physical assets of the insolvent corporation were those inventoried, which came into the hands of the receiver, were sold by him to Theodore J. Louden for $2,670.87, the executor herein."

Section 754 of Burns Ann. Ind. Statutes of 1926 is as follows: "When an execution against the property of any person is delivered to an officer to be executed, the goods and chattels of such person within the jurisdiction of the officer shall be bound from the time of the delivery; but if there be several executions whether issued out of a court of record or by a justice of the peace, against the same defendant in the hands of different officers, that execution, without regard to the time of its delivery, under which the first levy is made shall have the preference, and all liens created by the prior delivery of any other execution shall be divested in favor of the execution first levied."

It is our opinion that the levies made by the sheriff under the two executions heretofore mentioned on the judgments in favor of the appellant created liens superior to the rights of the receiver and that said receiver took said property subject to said liens. The general rule is that a receiver appointed for the purpose of winding up the affairs of an insolvent concern takes the trust property impressed with the then legal or equitable rights of its creditors. The liens would follow the fund. See *Irwins Bank et al.* v. *Fletcher Savings and Trust Company, Receiver, et al.* (1924), 195 Ind. 669, 145 N. E. 869; *H. C. Smith Coal Company* v. *Finley* (1921), 190 Ind. 481, 131 N. E. 5; *Durbin et al.* v. *Northwestern Scraper Company et al.* (1905), 36 Ind. App. 123, 73 N. E. 297.

The fact that the sheriff, after making the said levies of the executions and taking the said property into his possession, placed Hillerman, the manager of the ▉ execution defendant in charge of the property until he received further orders from the sheriff, would not, in the absence of fraud, divest the lien. There is no showing of any fraud in connection with these acts of the sheriff in the instant case. See *Brown* v. *Loesch* (1891), 3 Ind. App. 145, 29 N. E. 45.

The contention of the appellee that the appellant abondoned his liens under the executions by becoming the purchaser of the property at the receiver's sale ▉ is not supported by the citation of any authority and is, we believe, without merit.

The receiver received the sum of $2,670.87 for the property which he sold that had been levied upon by the sheriff under the two executions. He collected accounts in the amount of $535.15, as shown by his original final report, and an additional amount of $13.82 as shown by his supplemental report. He paid certain claims and expenses which we think were proper to pay, including the receiver's and the attorney's fee, leaving on hand for distribution the sum of $2,041.13. It is our opinion that the appellant, under the liens of his said judgments and the executions thereon, has a first and prior lien on said last mentioned sum and is entitled to have said sum paid over to him by the receiver.

The judgment is reversed with instructions to the court to set aside its order to the receiver to disburse said sum of $2,041.13 to the general creditors, and to enter an order requiring said receiver to pay said sum of $2,041.13 over to the appellant and for further proceedings consistent with this opinion and to enter judgment accordingly.

Judgment reversed.